

**FILED**

Jan 29 2016, 5:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kimberly Y. Morgan, | January 29, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 34A05-1509-CR-1323 |
| v. | Appeal from the Howard Superior Court II |
| State of Indiana, | The Honorable Brant Parry, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 34D02-1408-FD-211 |

**Bailey, Judge.**

# Case Summary

[1] Kimberly Y. Morgan ("Morgan") appeals a restitution order following her pleas of guilty to three counts of Theft, as Class D felonies.[1] She presents the issue of whether the trial court properly ordered her to pay $16,000.00 to the Howard County Convention and Visitors Commission, Inc. ("the Visitors Commission"), in addition to the $11,455.48[2] agreed-upon restitution to Selective Insurance Company of America ("Selective Insurance"). We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

[2] During 2012, 2013, and part of 2014, the Visitors Commission employed Morgan as a sales manager. On January 22, 2014, Morgan was discharged from her employment and the Visitors Commission initiated an inquiry into Morgan's alleged mishandling of funds.

[3] On August 25, 2014, the State charged Morgan with seven counts of Theft, for conduct on or about January 25, 2012 (Count I), on or about August 22, 2012 (Count 2), on or about February 25, 2013 (Count 3), on or about June 11, 2013 (Count 4), on or about October 17, 2013 (Count 5), on or about December 21, 2013 (Count 6), and on or about January 13, 2014 (Count 7). Morgan pled

---

[1] Ind. Code § 35-43-4-2.

[2] The trial court orally ordered the payment of $11,455.48; the written order states that the amount is $11,455.52.

guilty to three charges of Theft (Counts 1 through 3) but agreed to pay restitution related to the entirety of the charges.[3] She was sentenced to three years imprisonment, with two days executed and the balance suspended to probation.

[4] On August 18, 2015, the trial court conducted an evidentiary hearing on the issue of restitution. A representative of Selective Insurance testified that his employer had received a claim from the Visitors Commission for approximately $27,000.00. At the conclusion of its investigation, Selective Insurance had paid out $11,455.48 (after allowing for the $250.00 deductible). Greater Kokomo Economic Development Alliance controller Joleen Boyles ("Boyles") testified that a "deep dive audit" had revealed "missing funds" of a greater amount, specifically, $21,450.00. (Tr. at 13-14.) She also requested restitution of the $6,500.00 expended for the deep audit. Morgan testified and admitted that she had misused a charge card such that $11,455 of funds belonging to the Visitors Commission were diverted. She denied taking additional sums.

[5] The trial court ordered Morgan to pay restitution to the Visitors Commission, as a condition of probation, in the amount of $16,000.00. She was ordered to pay Selective Insurance $11,455.52, but this was not made a condition of

---

[3] Absent an agreement to pay restitution, a defendant may not be ordered to pay restitution for an act that did not result in a conviction. *Polen v. State*, 578 N.E.2d 755, 756-57 (Ind. Ct. App. 1991), *trans. denied.*

probation. Morgan appeals, challenging only the order with respect to the Visitors Commission.

# Discussion and Decision

[6] Morgan contends that the appropriate amount of restitution consists of $11,455.48 to Selective Insurance and $250.00 to the Visitors Commission (to satisfy the insurance deductible). She argues that Boyles offered an "unsubstantiated assertion" as to aggregate losses and that the costs of a special audit are not recoverable as criminal restitution because the costs are not an actual loss suffered by the victim. (Appellant's Br. at 9.)

[7] As part of a sentence or as a condition of probation, a trial court may order a defendant to pay restitution to a victim. *Bailey v. State*, 717 N.E.2d 1, 4 (Ind. 1999). "[T]he principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused, and that restitution also serves to compensate the victim." *Iltzsch v. State*, 981 N.E.2d 55, 56 (Ind. 2013).

[8] The trial court is bound to comply with the applicable restitution statute when ordering restitution. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*. Indiana law authorizes the trial court to order restitution for damages incurred "as a result of the crime." I.C. § 35-50-5-3(a)(1). Because restitution is penal in nature, the statute providing for restitution must be strictly construed

against the State to avoid enlarging it beyond the fair meaning of the language used. *Cherry v. State*, 772 N.E.2d 433, 439 (Ind. Ct. App. 2002), *trans. denied*.

[9] Accordingly, a restitution order must reflect a loss sustained by the victim "as a direct and immediate result" of the defendant's criminal acts. *Rich*, 890 N.E.2d at 51. The amount of actual loss is a factual matter to be determined upon the presentation of evidence. *Id.* at 49. We review a trial court's order of restitution for an abuse of discretion and will affirm the order if sufficient evidence exists to support the decision. *Id.*

[10] Here, the State presented exhibits (1) indicating that forensic accountants reporting to Selective Insurance "confirmed an employee dishonesty loss totaling $11,705.48" and (2) documenting the insurance payout of $11,455.48 ($11,705.48 less the $250.00 deductible). (State's Ex. 2.) According to information provided to Selective Insurance, Morgan had created a Square, Inc. credit card account to receive fraudulent credit card payments from the Visitors Commission. Selective Insurance was able to confirm, based upon a review of documentation provided by its insured, fraudulent charges totaling $14,045, a portion of which Morgan had repaid.

[11] Boyles testified that additional monies were missing from the coffers of the Visitors Commission, relative to 2012 and 2013, based upon a "deep dive" audit. (Tr. at 13.) However, she did not offer testimony or documentation showing a nexus between those missing funds and conduct by Morgan. As such, the State did not satisfy its burden to show losses as a "direct and

immediate result" of Morgan's criminal acts beyond the $11,455.48 paid by Selective Insurance and the $250.00 deductible charged to the Visitors Commission. *Rich*, 890 N.E.2d at 51. As for the $6,500.00 awarded for the "deep dive" audit, this was also improper. *See Lang v. State*, 911 N.E.2d 131, 136 (Ind. Ct. App. 2009) (concluding that an expenditure to determine the amount of a loss is outside the parameters of I.C. 35-50-5-3, a criminal restitution statute, although it may be the subject of a separate civil claim).

# Conclusion

The trial court properly concluded that Morgan is to pay restitution to Selective Insurance. To the extent that the restitution order provides for restitution to the Visitors Commission in excess of the $250.00 deductible, it is an abuse of discretion. We remand with instructions to the trial court to enter a restitution order for the payment of $11,455.48 to Selective Insurance and $250.00 to the Visitors Commission.

Affirmed in part, reversed in part, and remanded.

Vaidik, C.J., and Crone, J., concur.