

FILED

Jan 25 2017, 8:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Mitchell L. Osterday
Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry Baker,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 25, 2017<br><br>Court of Appeals Case No.<br>49A02-1605-CR-1154<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable David Certo, Judge<br><br>Trial Court Cause No.<br>49G12-1511-CM-40727 |

**Altice, Judge.**

## Case Summary

Jerry Baker pled guilty to operating a vehicle while intoxicated as a Class A misdemeanor. Following a restitution hearing, the trial court ordered Baker to pay restitution in the amount of $2,082.00, which was the difference between the insurance payout for the totaled vehicle and the cost of a replacement

vehicle. On appeal, Baker argues that the trial court abused its discretion in ordering him to pay restitution in the amount of $2,082.00.

[2] We reverse and remand.

## Facts & Procedural History

[3] On November 16, 2015, Baker was involved in an automobile accident with Nancy Apollos at the intersection of Rockville Road and Lynhurst Avenue in Indianapolis. An officer who responded to the scene observed that Baker exhibited signs of intoxication. Baker failed several field sobriety tests and a breathalyzer indicated he had an alcohol concentration equivalent to .209 grams of alcohol per 210 liters of breath. Baker was arrested and charged with two counts relating to his operation of a vehicle while intoxicated.

[4] Pursuant to a plea agreement, Baker pled guilty to operating a vehicle while intoxicated endangering a person, a Class A misdemeanor, and the State dismissed the second charged offense. The plea agreement and subsequent probation order provided that Baker would pay restitution in an amount to be determined. On May 4, 2016, the trial court held a restitution hearing at which Apollos testified that she was driving her father's 1996 Buick Park Avenue at the time of the accident and that the car was totaled. Insurance paid her father $1,718.81 for the Park Avenue. As a replacement for her father's car, Apollos purchased a 2002 Buick Century for $3,800.00. Apollos paid the $2,082 difference between the insurance payout and the cost of the Buick Century with her own funds. Apollos asked the trial court to award her restitution to cover

this out-of-pocket expense. The trial court stated, "I'm concerned of a windfall, but going out and buying a car at $3800 is reasonable enough, and she should be reimbursed by the defendant." *Transcript* at 34-35. The trial court, while noting that Apollos may never "see a dime in the first place," ordered Baker to pay $2,082.00 in restitution to Apollos. *Id*. at 34. Baker appeals from the trial court's restitution order. Additional facts will be provided as necessary.

## Discussion & Decision

Baker argues that the trial court abused its discretion in determining the amount of restitution he owed to Apollos.

"[T]he principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused, and that restitution also serves to compensate the victim." *Morgan v.* State, 49 N.E.3d 1091, 1093-94 (Ind. Ct. App. 2016) (quoting *Iltzsch v. State*, 981 N.E.2d 55, 56 (Ind. 2013)). Pursuant to Ind. Code § 35-50-5-3(a)(1), in ordering restitution, a trial court shall consider "property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)." Because restitution is penal in nature, the statute providing for restitution must be strictly construed against the State to avoid enlarging it beyond the fair meaning of the language used. *Morgan*, 49 N.E.3d at 1094.

Accordingly, a restitution order must reflect a loss sustained by the victim "as a direct and immediate result" of the defendant's criminal acts. *Rich v. State*, 890

N.E.2d 44, 51 (Ind. Ct. App. 2008), *trans. denied*. The amount of actual loss is a factual matter to be determined upon the presentation of evidence. *Id*. at 49. We review a trial court's order of restitution for an abuse of discretion. *Bockler v. State*, 908 N.E.2d 342, 348 (Ind. Ct. App. 2009). An abuse of discretion occurs when the trial court misinterprets or misapplies the law. *Id*.

[8] In *S.G. v. State*, 956 N.E.2d 668 (Ind. Ct. App. 2011), *trans. denied*, the victim's iPhone 3G was stolen from her handbag by a juvenile. The victim replaced her stolen phone with the newer iPhone 4G model. The victim testified that she had paid $399 for the stolen iPhone 3G and $29.99 for a case. She further testified that the replacement iPhone 4G and a case cost about $450. In addition to this amount, the victim's request for restitution also included the cost associated with a technology plan and sales tax, for a total of $500.76. As a condition of the juvenile's probation, the court ordered the juvenile to pay $501.00 in restitution to the victim. This court reversed the trial court's restitution order, holding that the victim was entitled to only the actual replacement cost (i.e., value) of the phone that was stolen, not the cost of the newer model that the victim purchased. The court held that "[r]estitution is not a means by which a victim may obtain better or more state of the art equipment." *Id*. at 684.

[9] Baker argues that *S.G.* is controlling here and limits restitution to the replacement cost of the 1996 Buick Park Avenue, not the value of the 2002 Buick Century that the trial court used in deciding the amount of restitution. In response, the State does not attempt to distinguish *S.G.*, but rather argues that

to limit restitution to that paid by the insurance company would provide Baker with "a huge windfall in that *he* would not be required to pay *any* restitution whatsoever." *Appellee's Brief* at 10 (emphasis in original). This, the State asserts, runs counter to the purposes of restitution, those being to impress upon the defendant the magnitude of the loss that his crime has caused and to compensate the victim.[1]

[10] As noted above, the standard followed in Indiana is that restitution shall be based on the "actual cost of repair (or replacement if repair is inappropriate)." I.C. § 35-50-5-3(a)(1). *S.G.* makes clear that for restitution purposes, the replacement cost is the value of the destroyed item at the time of the loss. Here, that amount would be the value of the Park Avenue at the time of the accident. The State's only evidence in this regard is the $1,718.81 amount paid by insurance. The trial court, however, improperly based its restitution order on the $3,800 cost of 2002 Buick Century Apollos purchased as a replacement minus the insurance payment. The $1,718.81 paid by the insurance company may or may not represent the actual replacement cost of the destroyed item, but even if it does, Baker is not entitled to a credit for the victim's insurance payment. *See Dupin v. State*, 524 N.E.2d 329, 331 (Ind. Ct. App. 1988) *overruled on other grounds by Kelly v. State*, 539 N.E.2d 25 (Ind. 1989).

---

[1] We reject the State's argument that Baker's challenge to the amount of restitution is "essentially an attempt to breach one of the substantial terms of his plea agreement." *Appellee's Brief* at 10. We find this to be an inaccurate characterization of Baker's argument. Baker does not argue that he is not required to pay restitution. His challenge is only to the trial court's method of calculation.

[11]    As observed by our Supreme Court, restitution is "part and parcel to our system of criminal punishment" and it cannot be precluded by civil settlements, or as in this case, insurance payments. *Haltom v. State*, 832 N.E.2d 969, 971 (Ind. 2005). Baker may not now shield himself from a restitution order by arguing that the victim was already compensated in the form of insurance payments. Indeed, it seems incongruous with the purposes of restitution that the defendant should reap the benefits of the victim's insurance policy. Thus, contrary to the State's argument, Baker will not receive "a huge windfall" as he can still be ordered to pay restitution as a matter of criminal punishment. *Cf. Little v. State*, 839 N.E.2d 807, 810 (Ind. Ct. App. 2005) (holding that restitution order was an abuse of discretion where it provided victim with duplicate recovery for medical expenses covered by insurance, but noting that duplicate recovery could be avoided by ordering restitution amounts be paid directly to insurance company or reducing restitution amount to victim to include only those amounts victim owed to insurance companies under subrogation liens).[2]

[12]    In sum, the trial court abused its discretion in basing its restitution order on the amount Apollos paid for the Buick Century and then awarding her the difference between the insurance payout and the cost of that car. We remand to the trial court with instructions to enter a restitution order for the value of the Park Avenue prior to the accident.

---

[2] It is unclear from the record whether a subrogation lien exists in this case.

[13] As a second issue, Baker argues that the trial court erred by not inquiring into his ability to pay the restitution awarded to Apollos. Restitution may be awarded as a condition of probation or as a part of a defendant's sentence wholly apart from probation. *See Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008). When the trial court orders restitution as a condition of probation, the court is required to inquire into the defendant's ability to pay. *See* Ind. Code § 35-38-2-2.3(a)(6) ("[w]hen restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance"). Where restitution is ordered as part of an executed sentence, an inquiry into the defendant's ability to pay is not required. *Pearson*, at 773 (citing *Shaffer v. State*, 674 N.E.2d 1, 9 (Ind. Ct. App. 1996)).

[14] The parties make competing arguments as to how to classify the restitution order—as a condition of probation or a part of the executed sentence. A review of the record reveals that Baker agreed to the standard conditions and fees of probation, which included the requirement that he "pay all Court-ordered fines, costs, fees and restitution as directed." *Appellant's Appendix* at 33. Further, in the written sentencing order, the court noted "restitution to [N]ancy Apollos TBD" in a comment section for probation. *Id*. at 13-14. This same notation is included in a description of terms of probation on the Standard Conditions form. Thus, despite the fact that the trial court did not check a separate box indicating restitution was a condition of probation, we think that restitution was clearly intended as such. Consequently, it was incumbent on the trial court to

inquire into Baker's ability to pay and to fix the manner of performance with regard to the payment of restitution.[3] *See Bell v.* State, 59 N.E.3d 959, 963 (Ind. 2016) (citing *Pearson*, 883 N.E.2d at 772). On remand, the trial court is directed to make such inquiry.

[15] Judgment reversed and remanded.

[16] Riley, J. and Crone, J., concur.

---

[3] We note that Baker was fully aware of the date and time of the restitution hearing, and yet he failed to appear for the hearing, thereby depriving the trial court of the opportunity to make the necessary inquiry into his ability to pay at that time.