# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 17 2017, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Phillip Brown,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 17, 2017

Court of Appeals Case No.
49A04-1703-CR-441

Appeal from the Marion Superior Court

The Honorable Angela Dow-Davis, Judge

Trial Court Cause No.
49G16-1609-CM-35452

**Pyle, Judge.**

# Statement of the Case

Phillip Brown ("Brown") appeals the trial court's order that he pay restitution to the victim of the Class B misdemeanor criminal mischief offense for which he was convicted.[1] He argues that the trial court abused its discretion when it ordered him to pay $139.18 in restitution because there was not sufficient evidence of the actual losses the victim had incurred and because the trial court did not inquire into his ability to pay the restitution. We agree that there was not sufficient evidence of the victim's actual losses. Accordingly, we reverse and remand for the trial court to conduct a new restitution hearing. Because we remand for a new hearing, we need not address Brown's second argument regarding the trial court's inquiry into his ability to pay.

We reverse and remand.

# Issue

Whether the trial court abused its discretion when it ordered
Brown to pay restitution in the amount of $139.18.

# Facts

On December 20, 2016, Brown was convicted, following a bench trial, of Class A misdemeanor battery resulting in bodily injury and Class B misdemeanor criminal mischief. His Class B misdemeanor criminal mischief conviction was based on his act of throwing a sledgehammer through the window of a truck

---

[1] IND. CODE § 35-43-1-2(a).

belonging to Denise White ("White"), a woman he had been dating. The Court sentenced him to 365 days with 351 days suspended to probation for the battery resulting in bodily injury conviction and to 180 days suspended to probation for the criminal mischief conviction. The trial court ordered the sentences to run concurrently and for the battery sentence to run consecutively to Brown's sentence in another cause. In addition, the trial court ordered Brown to pay restitution for White's broken truck window. The court set the matter for a restitution hearing and told Brown that if he paid the restitution in full and had served at least six months of his sentence, the trial court would close out his probation.

Thereafter, on February 7, 2017, the trial court held a restitution hearing. At the hearing, the State told the trial court that it had several estimates of how much it would cost for White to replace her truck window. The State requested that the court order restitution in the amount of the lowest estimate, $139.18, but did not introduce the estimate as an exhibit. Brown objected to the estimate on the grounds that White was not "[t]here to say these are actually her receipts or where she got them from." (Tr. Vol. 2 at 55). The State responded that the trial court "ha[d] the names of the company," and the trial court ordered restitution of $139.18 over Brown's objection. (Tr. Vol. 2 at 55). Brown now appeals.

## Decision

On appeal, Brown argues that the trial court abused its discretion in ordering restitution of $139.18 because there was not sufficient evidence that it would

cost $139.18 to repair White's truck window. Specifically, the State presented several estimates at the sentencing hearing but did not introduce those estimates into evidence. Brown objected to the estimates, noting that White was not present to say whether the estimates were hers or to clarify where she got them.[2] The State responded that the trial court "ha[d] the names of the company," and the trial court ordered restitution over Brown's objection. (Tr. Vol. 2 at 55).

[5] As part of a sentence or as a condition of probation, a trial court may order a defendant to pay restitution to a victim. *Morgan v. State*, 49 N.E.3d 1091, 1093 (Ind. Ct. App. 2016). "The principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused." *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008), *reh'g denied*. "Restitution also serves to compensate the offender's victim." *Id*. Pursuant to INDIANA CODE § 35-50-5-3(a)(1), when ordering restitution, a trial court shall consider "property damages of the victim incurred as a result of the

---

[2] On appeal, the State argues that Brown waived his argument because he objected on different grounds at the restitution hearing. However, our supreme court recently clarified the issue of waiver within the context of restitution in *Bell v. State*, 59 N.E.3d 959 (Ind. 2016). It noted that "although there have been cases in which appeals on restitution were waived due to the failure to make an objection at trial, 'the vast weight of the recent case law in this state indicates that appellate courts will review a trial court's restitution order even when the defendant did not object based on the rationale that a restitution order is part of the sentence, and it is the duty of the appellate courts to bring illegal sentences into compliance.'" *Id.* (quoting *Rich v. State*, 890 N.E.2d 44, 48 (Ind. Ct. App. 2008)). We also reject the State's argument that Brown invited any restitution error by stating "I'll pay for it" during the restitution hearing. (Tr. Vol. 2 at 55). Brown did not make this statement within the context of determining the amount of White's actual losses. Moreover, it is clear that Brown did not invite the trial court to determine that White's actual losses totaled $139.18 as Brown objected to the State's estimate.

crime, based on the actual cost of repair (or replacement if repair is inappropriate)."

[6] An order of restitution lies within the trial court's discretion and will be reversed only where there has been an abuse of that discretion. *Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012). A "trial court abuses its discretion in ordering restitution 'only if no evidence or reasonable inferences therefrom support the trial court's decision[.]'" *Archer v. State*, 81 N.E.3d 212, 216 (Ind. 2017) (quoting *Little v. State*, 839 N.E.2d 807, 809 (Ind. Ct. App. 2005)). A trial court also abuses its discretion if it misinterprets or misapplies the law. *Baker v. State*, 70 N.E.3d 388, 390 (Ind. Ct. App. 2017), *trans. denied.*

[7] Here, Brown challenges the sufficiency of the State's evidence of White's loss. A restitution order must reflect a loss sustained by the victim "as a direct and immediate result" of the defendant's criminal acts. *Id.* (quoting *Rich*, 890 N.E.2d at 51). The amount of actual loss is a factual matter to be determined upon the presentation of evidence. *Id.* Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture. *A.H. v. State*, 10 N.E.3d 37, 41 (Ind. Ct. App. 2014).

[8] In support of Brown's argument that White's estimates were not sufficient evidence of her actual losses, he cites to *J.H. v. State*, 950 N.E.2d 731 (Ind. Ct. App. 2011). In *J.H.*, J.H. damaged a neighbor's door while attempting to enter the neighbor's home without permission. *Id.* at 733. At the initial hearing, the

State presented a piece of paper containing an "estimate" of how much it would cost a company named "Mr. Fix It" to fix the door. *Id.* The estimate stated that it would cost $850 to replace the door's window and $150 to tint the window. *Id.* The State did not present any additional evidence in support of the estimate, and J.H. requested a restitution hearing to investigate it. *Id.* J.H.'s counsel noted that $1,000 seemed "like an awfully large sum of money for a door." *Id.*

[9] Subsequently, the trial court held a restitution hearing. *Id.* Immediately before the hearing, the victim gave the State another piece of paper that she described as an "estimate." *Id.* This time the estimate was for $1,117.65 from "Tucker's Construction." *Id.* Again, no copies were provided to the defense counsel or the trial court, and no additional evidence or testimony regarding the estimate was presented. *Id.* J.H. said that he had subpoenaed "Mr. Fix It," but he had not appeared for the hearing. *Id.*

[10] At the conclusion of the hearing, the trial court ordered J.H. to pay restitution in the amount of $1,117.65. *Id.* at 734. On appeal, we held the trial court had abused its discretion in ordering the restitution because it was not based on sufficient evidence of the victim's actual losses. *See id.* Specifically, we reasoned:

> Here, on two separate occasions, the victim waited until shortly before the hearing to give the deputy prosecutor a piece of paper with a dollar amount on it. The deputy prosecutor informed the juvenile court of the victim's late submissions and of the amount on the papers. The deputy prosecutor made no other statements

and presented no other evidence to show the legitimacy of the pieces of paper. Neither of the purported estimates was placed into evidence and neither is available for our review, so we cannot determine whether the dollar amounts were listed on papers containing any information, such as a letterhead, which would show the court that the paper came from a legitimate business. Furthermore, neither "estimate" showed the cost of labor and materials. Most importantly, the juvenile court failed to recognize that the State held the burden to establish the validity of the "estimates." We can come to no other conclusion than that the "estimates" were mere speculation or conjecture and that the juvenile court's order is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.

*Id.* at 734 (internal footnote omitted).

[11] The circumstances here are similar to those in *J.H.* The State said that it had several "estimates" of the cost to fix White's door but did not admit those estimates into evidence or present any additional evidence or testimony supporting them. Accordingly, we do not know, for example, details such as whether the estimates were on letterhead or showed the cost of labor and materials. The State argues that other factors provide a reasonable basis for the $139.18 restitution order, including the pictures of the damaged truck that the State entered into evidence. The State notes that, unlike in *J.H.* where the estimate seemed "like an awfully large sum of money for a door," $139.18 was not an unlawfully large sum to fix a truck window based on the damage depicted in the pictures. The State also notes that $139.18 was the lowest estimate that it had provided. *J.H.*, 950 N.E.2d at 733.

[12]     However, the State's argument would require this Court to evaluate whether, as it argues, $139.18 is a reasonable amount to fix a truck window. Such an evaluation is not within this Court's purview or expertise and would eliminate the State's burden of proving the victim's actual costs. Instead, based on the lack of evidence before us in the record, we conclude, like in *J.H.*, that the estimates the State presented were not sufficient to prove White's actual costs. We reverse and remand for the trial court to vacate its restitution order and to hold a restitution hearing to determine a proper amount of restitution.[3] *Garcia v. State*, 47 N.E.3d 1249, 1253 (Ind. Ct. App. 2015) ("[W]hen the record contains insufficient evidence to support an order of restitution, the case may be remanded for the trial court to hold another hearing."), *trans. denied.*

[13]     Reversed and remanded.

         Riley, J., and Robb, J., concur.

---

[3] Because we are remanding for the trial court to vacate its restitution order and to hold a new restitution hearing, we need not address Brown's argument that the trial court did not properly consider his ability to pay restitution. However, we note that when the trial court enters a restitution order as a condition of probation, it is required to inquire into the defendant's ability to pay in order to prevent an indigent defendant from being imprisoned because of a probation violation based on the defendant's failure to pay restitution. *Archer*, 81 N.E.3d at 217. This inquiry generally may include factors such as a defendant's "'financial status, health, and employment history.'" *Dull v. State*, 44 N.E.3d 823, 830 (Ind. Ct. App. 2015) (quoting *Laker v. State*, 869 N.E.2d 1216, 1221 (Ind. Ct. App. 2007)).