## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 26 2018, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jorge G. Carrillo,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 26, 2018

Court of Appeals Case No.
15A05-1710-CR-2413

Appeal from the Dearborn
Superior Court

The Honorable Sally A.
McLaughlin, Judge

Trial Court Cause No.
15D02-0703-FD-88

**Altice, Judge**

## Case Summary

Jorge Carrillo pled guilty to two counts of theft as Class D felonies. In addition to a three-year executed sentence, most of which was suspended to probation, the trial court ordered Carrillo to pay restitution in the amount of $10,917.46. On appeal, Carrillo argues the trial court abused its discretion in ordering him to pay restitution in the amount of $10,917.46.

We affirm.

## Facts & Procedural History

In 2005, Jorge Carrillo was hired as the manager for a gas station that contained a store. June Tucker was the bookkeeper for the store. In September 2006, Tucker noticed some discrepancies in the money and inventory of the store and began to suspect that an employee was engaged in theft. Tucker examined the discrepancies and eventually called the police, on October 5, 2006, when items she had documented were found in Carrillo's vehicle.

An Indiana State Police trooper responded to Tucker's call. The trooper spoke with Carrillo and asked to look in Carrillo's vehicle. Multiple items from the store were found in the vehicle. Carrillo initially told the trooper that he was returning unused inventory to the distributor but later admitted that he had taken the items without permission. Carrillo told the trooper that he had taken items from the store in the past and would occasionally pay the store for some of the items.

[5] Carrillo was arrested and charged, on March 27, 2007, with twenty-two counts of Class D felony theft.[1] On August 29, 2017, Carrillo pled guilty to two counts of theft, and the State dismissed the other twenty charges. Under the plea, the parties agreed that the amount of restitution would be determined by the trial court, and Carrillo agreed that he could be liable for restitution for the dismissed counts.

[6] On September 19, 2017, the trial court held a sentencing hearing and pronouncement of restitution. The trial court sentenced Carrillo and ordered him to pay $10,917.46 in restitution. Carrillo now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[7] Carrillo argues the trial court abused its discretion in determining the amount of restitution he owed Tucker. According to Carrillo, the calculation of the restitution amount was "improperly based upon insufficient evidence and contradicted evidence in the record." *Appellant's Brief* at 11.

[8] "[T]he principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused, and that restitution also serves to compensate the victim." *Morgan v. State*, 49 N.E.3d 1091, 1093-94 (Ind. Ct. App. 2016) (quoting *Iltzsch v. State*, 981 N.E.2d

---

[1] While not entirely clear, it appears from the record that in November 2007, Carrillo failed to appear for a court date and absconded. He was rearrested approximately ten years later.

55, 56 (Ind. 2013)).  In ordering restitution, a trial court shall consider "property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)."  Ind. Code § 35-50-5-3(a)(1).

[9] A restitution order must reflect a loss sustained by the victim "as a direct and immediate result" of the defendant's criminal acts.  *Rich v. State*, 890 N.E.2d 44, 51 (Ind. Ct. App. 2008) (internal quotations marks omitted), *trans. denied*.  The amount of actual loss is a factual matter to be determined upon the presentation of evidence.  *Id*. at 49.  "Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture."  *S.G. v. State*, 956 N.E.2d 668, 683 (Ind. Ct. App. 2011) (citation and internal quotation marks omitted), *trans. denied.*

[10] A trial court's order of restitution is a matter within its sound discretion, and we will reverse only upon a showing of an abuse of that discretion.  *Long v. State*, 867 N.E.2d 606, 618 (Ind. Ct. App. 2007).  An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it.  *Id*.  In determining whether the trial court abused its discretion, we neither reweigh evidence nor judge witness credibility.  *Mogg v. State*, 918 N.E.2d 750, 755 (Ind. Ct. App. 2009).  We will affirm the trial court's decision if there is any evidence supporting it.  *Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013), *trans. denied*.

[11]    At the restitution hearing, Tucker testified that she used a computerized inventory software system to compile a list of inventory that was taken from the store. The list showed the total value of the items stolen by Carrillo to be $23,539.65. The State conceded that certain amounts should be deducted from Tucker's list of lost inventory, i.e., $2,500.00 received by the store in insurance proceeds to cover product loss and $1,934.22, which represented the cost of product that Carrillo had returned to the store. Carrillo submitted his own calculation of restitution which the trial court also admitted into evidence. Carrillo's value of items lost totaled $885.79.

[12]    In reaching its determination that the amount of restitution should be $10,917.46, the trial court explained:

> The Court is basing the restitution based on the sheet that is provided as State's Exhibit 1[, Tucker's inventory list,] as I've stated, I'm not counting any of the items where there was a vendor where checks were made. I am not counting the recovered items. I am not counting any of the items that appear to be taken from lottery, cash transferred to lottery, um, or gas cards charged to the store that may be fraudulent because none of that type of crime was asserted in the charging information but rather I'm looking at to [sic] the items that on the inventory control were presented as during the time that Mr. Carrillo was manager and in control of the store and the evidence has been clear and he admitted that he stole items in bulk form from the store and there is a list of inventory of items that were paid for but never appeared in the store for purchase to customers and therefore the costs of that were lost. The Court determined in going through this that that amount would be thirteen thousand five hundred and twenty-four dollars ($13,524.00). The Court is looking at the State's memo which deducted a few other items

finding that the amount that they were requesting [is] ten thousand nine hundred seventeen dollars and forty-six cents ($10,917.46). The Court is going to order restitution in that amount . . . .

*Transcript* at 68. The trial court acted within its discretion in ordering restitution in the amount of $10,917.46. Carrillo's arguments to the contrary amount to invitations to reweigh evidence and judge witness credibility, which we may not do.

[13] Judgment affirmed.

Najam, J. and Robb, J., concur.