

**FILED**

Dec 07 2018, 11:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William W. Gooden
Mt. Vernon, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven Akehurst,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 7, 2018

Court of Appeals Case No.
18A-CR-214

Appeal from the Posey Superior
Court

The Honorable S. Brent Almon,
Judge

Trial Court Cause No.
65D01-1612-CM-653

**May, Judge.**

[1] Steven Akehurst appeals the trial court's order of restitution. He claims the court erred by ordering him to pay the victim's lost earnings arising from the day of sentencing and to pay the difference between the insurance payment and

the pay-off amount for the car loan. We reverse in part, affirm in part, and remand.

# Facts and Procedural History[1]

On December 19, 2016, Akehurst crashed his vehicle into Jennifer Noble's van. Akehurst got out of his vehicle, surveyed the damage, "looked [Noble] straight in the face and then got back into his vehicle and took off." (Tr. Vol. 2 at 6.) Noble was transported by ambulance to the hospital and treated for leg injuries and "whiplash kind of things." (*Id.*)

Akehurst was apprehended later that day. On December 27, 2016, the State charged him with Class B misdemeanor leaving the scene of an accident.[2] On November 9, 2017, the trial court held a bench trial and found Akehurst guilty. On January 2, 2018, the trial court held a sentencing hearing.

At the sentencing hearing, Noble testified her medical bills had been paid. Although insurance had paid for her vehicle, it did not cover $616.28 of her vehicle loan. Noble works as a teacher and makes $18.25 per hour. Between the medical treatment and days in court, Noble had taken 2.5 days off work.

---

[1] Akehurst filed a copy of the "MyCase" summary, representing such as the Chronological Case Summary required as part of the Appendix, despite the fact the summary clearly states at the top of the page: "This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record." (App. Vol. II at 2.) While not a violation of the Indiana Rules of Appellate Procedure, we note the Chronological Case Summary is the official record of the court. *See Anderson v. Horizon Homes*, 644 N.E.2d 1281, 1287 (Ind. Ct. App. 1995) (Chronological Case Summary is the official record of the court), *trans. denied*.

[2] Ind. Code § 9-26-1-1.1 (2016).

This time included the half-day she took off in order to attend the sentencing hearing. Noble had lost earnings of $318.80 - $63.25 of this amount was incurred on the day of sentencing.[3]

[5] The trial court sentenced Akehurst to six months in the Posey County Jail, suspended to probation. The trial court also ordered Akehurst to pay restitution in the sum of $935.08. This amount included the $616.28 not paid by insurance for Noble's vehicle and $318.80 for her lost wages.

## Discussion and Decision

[6] "Generally, an order of restitution is within the trial court's discretion, and it will be reversed only upon a finding of an abuse of that discretion. An abuse of discretion occurs when the trial court misinterprets or misapplies the law." *Green v. State*, 811 N.E.2d 874, 877 (Ind. Ct. App. 2004). A restitution order must be supported by sufficient evidence of actual loss sustained by the victim of a crime. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*. "Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *J.H. v. State*, 950 N.E.2d 731, 734 (Ind. Ct. App. 2011). Traditional goals of restitution are to "impress upon a criminal defendant the magnitude of the loss he has caused and his responsibility to

---

[3] Noble testified as to how many hours per day she worked and that she had an unpaid lunch period. The parties agree as to the dollar amounts of Noble's lost earnings.

make good that loss as completely as possible." *Kotsopoulos v. State*, 654 N.E.2d 44, 46 (Ind. Ct. App. 1995), *reh'g denied, trans. denied*.

### Lost Wages

Akehurst claims the trial court "clearly misapplied the law" when it ordered him to pay Noble's lost wages for the day of the sentencing because the restitution statute specifically limits restitution for lost earnings to "before the date of sentencing[.]" Ind. Code § 35-50-5-3(a)(4). Akehurst argues the trial court should not have included Noble's lost wages incurred for the day of sentencing.

When faced with a question of statutory interpretation, our review is *de novo*. *In re M.W.*, 913 N.E.2d 784, 786 (Ind. Ct. App. 2009). We first decide if the statute is ambiguous. *Id.* If not, we need not and do not interpret it, but instead apply its plain and clear meaning. *Id.* Statutes must be read in harmony with related statutes. *St. Margaret Mercy Healthcare Ctrs., Inc. v. Poland,* 828 N.E.2d 396, 402 (Ind. Ct. App. 2005), *trans. denied.* We assume the legislature intended statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals. *B.K.C. v. State*, 781 N.E.2d 1157, 1167 (Ind. Ct. App. 2003). "A trial court's sentencing authority is limited to the statutory parameters prescribed by the General Assembly." *Roach v. State*, 711 N.E.2d 1237, 1238 (Ind. 1999).

We have reversed restitution orders that have included costs that would not be incurred until after sentencing or were nebulous in nature, *see, e.g. Creager v.*

*State*, 737 N.E.2d 771, 781 (Ind. Ct. App. 2000) (reversed restitution order for child support that would not have accrued until after sentencing); *see also Carswell v. State*, 721 N.E.2d 1255, 1259 (Ind. Ct. App. 1999) (reversed restitution order requiring defendant to pay for counseling "victims may incur"). Indiana Code section 35-50-5-3(a)(4) allows the trial court to order restitution for "earnings lost by the victim (*before* the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime." (Emphasis added).

[10] When construing a statute, "[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense." Ind. Code § 1-1-4-1. "Before" is defined as "in advance [or] at an earlier time." https://www.merriam-webster.com/dictionary/before (last visited Nov. 26, 2018). The plain and ordinary definition of "before" is not ambiguous. Therefore, earnings lost on or after the date of sentencing are not included in the plain and ordinary meaning of this statute, and our inquiry is limited to a determination of whether lost earnings fall within the ambit of Indiana Code section 35-50-5-3(a)(4).

[11] Here, the trial court exceeded its authority when it ordered Akehurst to make restitution for the lost wages incurred on the date of sentencing. Indiana Code section 35-50-5-3(a)(4) limits restitution to those earnings lost "before the date of sentencing[.]" Noble's lost wages for the time she took off work to attend and testify at the sentencing hearing occurred concurrent with the sentencing date and not *before*. Therefore, the trial court erred when it ordered Akehurst to

pay Noble's lost wages for the day of sentencing.[4]  As the lost earnings for the day of sentencing were $63.25, the restitution for the lost earnings should be $255.55, rather than $318.80.

### *Property Damage*

[12]  Akehurst argues the trial court abused its discretion when it ordered him to pay the $616.28 difference between what Noble's insurance paid for her totaled car and what was still owed on the automobile loan.  Without citation to any caselaw, Akehurst argues the "remaining balance on the victim's loan was not part of the replacement cost contemplated by I.C. 35-50-5-3(a)(1)."  (Br. of Appellant at 6.)  Akehurst contends this could lead to absurd results, such as a restitution order to cover a loan amount thousands of dollars more than insurance coverage.

[13]  Indiana Code section 35-50-5-3(a)(1) allows the trial court to order restitution for property damage "incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)[.]"  A payment made by an insurance company "may or may not represent the actual replacement cost of the destroyed item[.]"  *Baker v. State*, 70 N.E.3d 388, 391 (Ind. Ct. App. 2017), *trans. denied*.  Restitution is not "precluded by . . . insurance payments."  *Id*.

---

[4] As restitution provides a mechanism to compensate victims for the damage caused by those who commit crimes, we were surprised to find the restitution statute was written to prohibit victims from recovering wages lost for time spent attending the sentencing hearing.  We invite the General Assembly to consider whether Indiana Code section 35-50-5-3 should be modified to permit victims to recover lost wages incurred "on or before" the date of sentencing.

[14] Although Noble's vehicle was insured, Akehurst is not entitled to "reap the benefits of the victim's insurance policy." *Id*. The statute allows the trial court to order restitution for the actual cost to replace Noble's van. That actual cost "must reflect the actual loss incurred by the victim," *Rich*, 890 N.E.2d at 51, and come as "a direct and immediate result of the criminal acts of the defendant." *Huddleston v. State*, 764 N.E.2d 655, 657 (Ind. Ct. App. 2002). Here, the actual loss, as a direct result of Akehurst's actions, was the van. The remaining loan balance for that van was $616.268 more than insurance would pay for the loss of the van. Therefore, the trial court did not abuse its discretion when it ordered Akehurst to pay the difference between what Noble's insurance paid for the damage to her vehicle and what Noble owed on the loan.

# Conclusion

[15] The trial court erred when it ordered Akehurst to pay restitution to Noble for lost wages incurred by Noble when she attended the sentencing hearing; however, the trial court did not abuse its discretion when it ordered Akehurst to pay the difference between the insurance payment for the car and the car loan pay-off amount. Accordingly, we reverse in part and affirm in part. In addition, we remand for the trial court to enter a corrected sentencing order to amend the restitution order for lost earnings from $318.80 to $255.55.

[16] Reversed in part, affirmed in part, and remanded.

Riley, J., and Mathias, J., concur.