# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2020, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Alexander W. Robbins<br>The Law Office of Alex Robbins<br>Bedford, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Steven Hosler<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kristopher Mark Hardy,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 26, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2892<br><br>Appeal from the Hendricks<br>Superior Court<br><br>The Honorable Stephenie Lemay-Luken, Judge<br><br>Trial Court Cause No.<br>32D05-1901-F5-8 |

**Pyle, Judge.**

# Statement of the Case

Kristopher Hardy ("Hardy") appeals the trial court's restitution order entered after Hardy pled guilty to Level 5 felony burglary. Hardy argues that the trial court abused its discretion when it ordered him to pay $4,558.65 in restitution. Finding no abuse of the trial court's discretion, we affirm the trial court's restitution order.

We affirm and remand with instructions.

# Issue

Whether the trial court abused its discretion when it ordered Hardy to pay $4,558.65 in restitution.

# Facts

Hardy pled guilty to Level 5 felony burglary in October 2019. The following month, the trial court held a restitution hearing regarding the burglary victim's losses. At the hearing, the victim testified that he had sent a three-page itemized list of his losses to his insurer, Pekin Insurance ("Pekin"). The victim's total estimated replacement cost for the losses was $4,141.

Also at the hearing, Pekin claims adjustor Jeffrey Engel ("Engel") testified that Pekin had contracted with National Vendor ("National Vendor") to determine the value of the victim's losses. Engel explained that Pekin "customarily send[s] . . . all the inventorying and that type of stuff out to . . . a vendor of that sort[.] They assist with coming up with values . . . on items that were stolen." (Tr. Vol. 2 at 12). According to Engel, National Vendor had determined that

the value of the victim's losses was $4,558.65. Engel further testified that, after subtracting the victim's $500 deductible from the total value of his losses, Pekin had sent a $4,058.65 check to the victim.

[5] Following the hearing, the trial court issued an order requiring Hardy "to pay restitution in the amount of $4,558.65." (App. Vol. 2 at 28). Later that same day, the trial court issued an amended restitution order requiring Hardy to pay the victim $500 and Pekin $4,550.65.

[6] Hardy now appeals.

## Decision

[1] As a preliminary matter, we note that, although mentioned by neither party, the $4,550.65 that Hardy was ordered to pay Pekin in the amended restitution order appears to be a typographical error. The parties and the trial court agreed that the total of the victim's losses was $4,558.65. On remand, we instruct the trial court to issue an amended restitution order requiring Hardy to pay the victim $500 and Pekin $4,058.65. We now turn to the merits of Hardy's appeal.

[2] Hardy's sole argument is that the trial court abused its discretion when it ordered him to pay $4,558.65 in restitution. Hardy specifically argues that "the correct value of the total replacement cost for the items the victim lost in this case is . . . the $4,141.00[.]" (Hardy's Br. at 5).

[3] The trial court has the authority to order a defendant who is convicted of a crime to make restitution to the victim of the crime. INDIANA CODE § 35-50-5-

3. The principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused. *Morgan v. State*, 49 N.E.3d 1091, 1093-94 (Ind. Ct. App. 2016). Restitution also serves to compensate the victim. *Id.* at 1094.

[4] A restitution order is within the trial court's discretion, and we will reverse only upon a showing of an abuse of that discretion. *Long v. State*, 867 N.E.2d 606, 618 (Ind. Ct. App. 2007). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* In determining whether the trial court abused its discretion, we will not reweigh the evidence. *Mogg v. State*, 918 N.E.2d 750, 755 (Ind. Ct. App. 2009). We will affirm the trial court's decision if there is any evidence supporting it. *Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013), *trans. denied*.

[5] A restitution order must reflect a loss sustained by the victim "as a direct and immediate result" of the defendant's criminal acts. *Rich v. State*, 890 N.E.2d 44, 51 (Ind. Ct. App. 2008), *trans. denied*. The amount of actual loss is a factual matter to be determined upon the presentation of evidence. *Id.* at 49. "Evidence supporting a restitution order is sufficient 'if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *S.G. v. State*, 956 N.E.2d 668, 683 (Ind. Ct. App. 2011), *trans. denied,* (quoting *T.C. v. State*, 839 N.E.2d 1222, 1227 (Ind. Ct. App. 2005)).

[6] Here, Engel testified that Pekin had contracted with National Vendor to determine the value of the victim's losses. Engel explained that National Vendor customarily assists Pekin with determining the value of losses in burglary cases. According to Engel, National Vendor had determined that the value of the victim's losses in this case was $4,558.65. This evidence "affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *See id*. Hardy's argument is a request that we reweigh the evidence, which we will not do. *See Mogg*, 918 N.E.2d at 755. The trial court did not abuse its discretion when it ordered Hardy to pay $4,558.65 in restitution.

[7] Affirmed and remanded with instructions.

Bradford, C.J., and Baker, J., concur.