## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 08 2017, 8:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justine Archer, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 8, 2017 <br><br> Court of Appeals Case No. <br> 49A04-1606-CR-1444 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Travis Sandifur, Commissioner <br><br> Trial Court Cause No. <br> 49G05-1602-F6-5142 |

**Bailey, Judge.**

# Case Summary

[1] Justine Archer ("Archer") appeals a restitution order following her plea of guilty to Auto Theft, a Level 6 felony.[1] She presents the issue of whether the trial court abused its discretion because the order is not supported by sufficient evidence. We reverse and remand for a new restitution hearing.

# Facts and Procedural History

[2] On February 9, 2016, the State of Indiana charged Archer as follows:

> On or about February 5, 2016, JUSTINE N ARCHER did knowingly exert unauthorized control over the motor vehicle of Robin Boyer, to-wit: 2003 Chevrolet; with the intent to deprive the person of the vehicle's value or use[.]

(App. at 16.) On March 31, 2016, Archer and the State appeared in open court and advised that they had reached a plea agreement with respect to the charged offense. The plea agreement indicated that the State would recommend a 545-day sentence with 180 days to be served on home detention and the balance suspended to probation. Additionally, the agreement provided:

> $_____ to Robin Boyer, NCO with Robin Boyer, 80 hours CSW, AMS upon completion of all CSW and full restitution with no

---

[1] Ind. Code § 35-43-4-2.5(b)(1).

violations. Any outstanding CSW shall be waived upon full payment of restitution.

(App. at 29.)

[3] The trial court accepted Archer's plea of guilty, establishing a factual basis as follows:

> Prosecutor: If this had proceeded to trial the State of Indiana would have proven beyond a reasonable doubt that in Marion County, Indiana, on or about February 5[th], 2015, Justine Ann Archer did knowingly exert unauthorized control over the vehicle of Robin Boyer, to-wit, a 2013 [sic] Chevrolet with the intent to deprive the person of any value of the vehicle's value or use. All of which is contrary to the statute against the peace and dignity of the State of Indiana.
>
> Court: And are those facts correct?
>
> Archer: Yes.

(Tr. at 11-12.) Archer was sentenced in accordance with the State's recommendation of 545 days, with 180 days on home detention and the balance suspended to probation. The trial court advised: "If the parties cannot reach an agreement on restitution by May the 5th, then I'm going to set this … for a hearing on restitution at which time we will determine the restitution amount." (Tr. at 13.)

[4] On June 16, 2016, the State, Archer, and the victim, Robin Boyer, appeared for a restitution hearing. Boyer testified that she received her vehicle back five

hours after she discovered it missing. By that time, "the entire front" had been spray painted red. (Tr. at 20.) The State submitted into evidence an estimate from a body shop indicating that restoration would cost $5,240.32. The State also submitted into evidence a Kelley Blue Book estimate of value for a 2003 Chevrolet Trail Blazer. The report indicated a fair market range of $3,853 to $5,730 and a suggested retail price of $5,251. Archer submitted into evidence estimates ranging from a trade-in value of $2,145 to a private party sale value of $3,591. The trial court ordered that Archer pay $5,240.32 in restitution. She now appeals.

# Discussion and Decision

[5] At the outset, we address the State's contention that Archer cannot appeal the restitution order because she affirmatively waived that right. The plea agreement included Archer's acknowledgement:

> that he [sic] hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the Defendant within the terms of this plea agreement.

(App. at 31.)

[6] It is well-settled that plea agreements are in the nature of contracts entered into between the defendant and the State. *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004). If the court accepts a plea agreement, it shall be bound by its terms.

*Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994). "In order to avoid mistakes and misrepresentations with regard to such a binding agreement, counsel should reduce to writing *all* terms of a plea agreement." *Griffin v. State*, 756 N.E.2d 572, 574 (Ind. Ct. App. 2001), *trans. denied*.

[7] Here, while the parties settled upon other terms of the sentence, they simply left the amount of restitution as a blank item in the plea agreement. The amount of restitution was not fixed nor did the parties specifically agree to give the trial court the discretion to determine the amount of restitution without any prospect for appellate review. We cannot say that the restitution amount constitutes a "sentence within the terms of the plea agreement" such that Archer agreed to forgo its appeal.[2] (App. at 31.)

[8] Archer challenges the restitution order as unsupported by the evidence. Specifically, she observes that she pled guilty to theft, not criminal mischief, and argues that the State failed to meet its burden of showing the amount of the loss incurred as a result of the particular conduct of theft.

[9] Indiana law authorizes the trial court to order restitution for damages incurred "as a result of the crime." Ind. Code § 35-50-5-3(a). Because restitution is penal in nature, the statute providing for restitution must be strictly construed

---

[2] We cannot accept the State's rationale that there is no practical difference between the sentencing components of incarceration and restitution. The terms of incarceration are strictly circumscribed by statute; thus, if a term of incarceration is left "open," our Legislature has provided parameters. On the other hand, restitution is not circumscribed by a statutory cap. Allowing "open" restitution to become a non-appealable term in an agreement could incentivize the use of a blank check with no recourse.

against the State to avoid enlarging it beyond the fair meaning of the language used. *Cherry v. State*, 772 N.E.2d 433, 439 (Ind. Ct. App. 2002), *trans. denied.*

[10] An order of restitution is within the trial court's discretion and will be reversed only for an abuse of that discretion. *Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Dull v. State*, 44 N.E.3d 823, 829 (Ind. Ct. App. 2015).

[11] "The principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused." *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008). "Restitution also serves to compensate the offender's victim." *Id.* The restitution order must reflect the actual loss suffered by the victim, which is a factual matter that can only be determined by the presentation of evidence. *Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013), *trans. denied*. A restitution order is sufficiently supported if there is a reasonable basis for estimating loss and the fact-finder is not required to engage in speculation or conjecture. *Guzman v. State*, 985 N.E.2d 1125, 1130 (Ind. Ct. App. 2013) (quotation omitted). The victim's in-court testimony may be sufficient to support a restitution order. *Blixt v. State*, 872 N.E.2d 149, 153-54 (Ind. Ct. App. 2007).

[12] Here, "the crime" was Auto Theft. The factual basis for that crime, upon which the trial court could award restitution, is that "Archer did knowingly exert unauthorized control over the vehicle of Robin Boyer … with intent to

deprive [Boyer] … of the vehicle's value or use." (Tr. at 11.) At the restitution hearing, the State asked Archer if she drove the Chevy and "saw" red spray paint "all over the truck." (Tr. at 39.) The State did not otherwise develop facts that would arguably support the restitution order based upon spray paint damage. On appeal, the State invites us to fill in evidentiary gaps by assuming that Archer spray-painted Boyer's vehicle in the course of the auto theft.

[13] The conduct to which Archer pled guilty was the theft of Boyer's 2003 Chevy. The trial court's conclusion that all the costs of repair and replacement items enumerated in State's Exhibit 1 (repair estimate) are attributable to the theft goes beyond the evidence of record. We find the order for the payment of $5,240.32 to be an abuse of discretion under these circumstances. *See e.g., Dull*, 44 N.E.3d at 832 ("Because Dull did not plead guilty to committing theft of Beshears's grain prior to the summer of 2013 and because he did not agree to pay restitution for grain sold prior to that time period, the trial court abused its discretion by ordering him to do so."); *Hill v. State*, 25 N.E.3d 1280, 1283 (Ind. Ct. App. 2015) ("Absent an agreement to pay restitution, a defendant may not be ordered to pay restitution for an act that did not result in a conviction."); *Polen v. State*, 578 N.E.2d 755, 757 (Ind. Ct. App. 1991) (holding that the trial court erred in ordering restitution in an amount greater than sums involved in those crimes to which Polen actually pled guilty), *trans. denied*.

# Conclusion

We remand for a hearing on the actual loss Boyer suffered as a result of Archer's theft of her vehicle.[3]

Reversed and remanded.

Najam, J., and May, J., concur.

---

[3] In *Iltzsch v. State*, 961 N.E.2d 55, 57 (Ind. 2013), our supreme court observed that a remand for new evidence pertinent to restitution is not, in appropriate circumstances, allowing a "second bite at the apple." Here, where Archer agreed to pay restitution, we conclude that remand is appropriate.