ATTORNEYS FOR APPELLANT
Ruth Johnson
Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Andrew J. Kobe
Deputy Attorneys General
Indianapolis, Indiana



FILED
09/06/2017, 2:51 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 49S04-1705-CR-00288

JUSTINE ARCHER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G05-1602-F6-005142
The Honorable Grant W. Hawkins, Judge
The Honorable Travis Sandifur, Commissioner

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-1606-CR-001444

**September 6, 2017**

**David, Justice.**

In this case we are presented with several issues related to defendant's restitution order. As a threshold matter, we must determine whether defendant waived her right to appeal the amount she was ordered to pay in restitution after she entered into a plea agreement that left the amount of

restitution to be paid blank, with no further instruction on how the amount was to be determined. We then address whether sufficient evidence supports the restitution order where defendant pled guilty to stealing a vehicle and the restitution ordered was for spray-paint damage done to the vehicle during the time period it was stolen. Finally, we address whether the trial court abused its discretion when it ordered defendant to pay restitution as a condition of probation in light of her financial circumstances.

For the reasons discussed herein, we hold that defendant did not waive her right to appeal the amount of restitution she was ordered to pay. We also hold that the trial court did not abuse its discretion in ordering defendant to pay restitution as a condition of probation for the spray-paint damage caused to the victim's vehicle in light of the facts and circumstances of this case. Accordingly, we affirm the trial court.

### Facts and Procedural History

In February 2016, Robin Boyer's 2003 Chevy Trailblazer was stolen from in front of her apartment in Indianapolis. Boyer had left the vehicle unlocked and running to warm up. Approximately 5 hours later, Boyer's vehicle was located by police. Defendant, Justine Archer, was driving it. Red paint was found on the front of the vehicle, on the vehicle identification number (VIN) inside the vehicle, and on a section of the window covering the VIN.

Archer was arrested and charged with Level 6 felony Auto Theft. Archer pled guilty as charged. As part of the plea agreement, Archer waived the right to appeal the sentence imposed as long as the trial court sentenced her within the terms of the agreement. The agreement provided that Archer make restitution, but left the amount of restitution blank. Specifically, the plea agreement provided in relevant part:

> The Defendant additionally acknowledges: . . . that [s]he hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the Defendant within the terms of this plea agreement.

(App. 31.) The parties could not agree on a restitution amount, so the trial court held a restitution hearing.

At the hearing, Boyer testified that her vehicle was gone for about five hours, and came back heavily spray-painted. She also presented evidence that repairs and replacements from the spray-painting would cost $5,240.32. Archer also testified at the hearing, but neither witness testified regarding whether Archer was the one who actually spray-painted the vehicle.

The trial court ordered Archer to pay $5,240.32 in restitution. Archer was to pay this in monthly payments of $25.00.

Archer appealed the restitution order, arguing that the trial court abused its discretion in ordering restitution because: 1) the State did not present evidence that Archer caused the spray-paint damage to Boyer's vehicle; and 2) the record contains no evidence that Archer can or will be able to pay restitution. The State cross-appealed, arguing that Archer waived her right to appeal her sentence, including the restitution order, in her plea agreement.

The Court of Appeals reversed. It held that Archer did not waive her appeal because "the amount of restitution was not fixed nor did the parties specifically agree to give the trial court the discretion to determine the amount of restitution without any prospect for appellate review." Archer v. State, 71 N.E.3d 834, 837 (Ind. Ct. App. 2017), transfer granted, opinion vacated, 2017 WL 1900307 (Ind. May 2, 2017). It further held that insufficient evidence supported the restitution order because the record did not show that the spray-paint damage was attributable to the theft. Id. at 838.

The State sought transfer which we granted, vacating the Court of Appeals opinion. Ind. App. Rule 58(A).

## Standard of Review

An order of restitution is a matter within the trial court's sound discretion and will only be reversed upon a showing of abuse of discretion. <u>Bell v. State</u>, 59 N.E.3d 959, 962 (Ind. 2016).

## Discussion and Decision

**I.      Archer has not waived her right to appeal the amount of the restitution order.**

As a threshold matter, we address the State's argument that Archer waived her right to appeal the restitution order by signing the plea agreement. Because the amount of the restitution was left blank in the plea agreement and the agreement did not set forth how restitution was to be determined, we find that Archer did not waive her right to appeal the amount of the restitution order.

Plea agreements are contracts and once the trial court accepts it, a plea agreement and its terms are binding upon the trial court, the State and the defendant. <u>Bethea v. State</u>, 983 N.E.2d 1134, 1144 (Ind. 2013). Because a plea agreement is a contract, the principles of contract law can provide guidance when considering plea agreements. <u>Griffin v. State</u>, 756 N.E.2d 572, 574 (Ind. Ct. App. 2001). A defendant may waive his or her right to appeal a sentence as part of a plea agreement and such waivers are valid and enforceable. <u>Creech v. State</u>, 887 N.E.2d 73, 74-75 (Ind. 2008).

Here, the plea agreement provided in relevant part:

> The Defendant additionally acknowledges: . . . that [s]he hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), *so long as the Court sentences the Defendant within the terms of this plea agreement.*

(App. 31) (emphasis added). Looking at the plain language of the agreement, Archer's waiver of her right to appeal is conditioned upon the court sentencing her within the terms of the agreement. However, the agreement does not set forth the amount of restitution. Instead, this term is left blank. The agreement also does not provide any mechanism for determining the amount of restitution

(e.g. a statement that the restitution is at the court's discretion). Accordingly, while the fact that Archer must pay restitution is provided for in the agreement, it cannot be said that *the amount of* the restitution is a term of the agreement. Archer may appeal the amount of her restitution.

## II. It is reasonable to infer that the spray-paint damage was a result of the underlying crime.

Archer argues and the Court of Appeals found that insufficient evidence supported the restitution order because no evidence showed that Archer herself was the one who spray-painted the victim's vehicle. However, it is not clear that sufficient evidence is required here because Archer agreed to pay restitution as part of her plea deal. Nevertheless, we choose to address Archer's sufficiency argument on the merits to provide guidance for future parties.

By statute, restitution shall be based on damage "incurred as a result of the crime." Ind. Code § 35-50-5-3(a)(1). While this statute is to be strictly construed against the state, Morgan v. State, 49 N.E.3d 1091, 1094 (Ind. Ct. App. 2016), the trial court abuses its discretion in ordering restitution "only if no evidence *or reasonable inferences therefrom* support the trial court's decision," Little v. State, 839 N.E.2d 807, 809 (Ind. Ct. App. 2005) (emphasis added).

Here, there is sufficient evidence that the spray-painting is a result of the underlying auto theft. Archer pled guilty to auto theft; that is, she "knowingly exert[ed] unauthorized control over the motor vehicle of [the victim] . . . with the intent to deprive the person of the vehicle's value or use." (App.16.) The record reveals that Boyer's vehicle was stolen. When it was recovered five hours later, Archer was driving the vehicle and it had fresh red paint all over its front and sides as well as covering the vehicle's VIN. While it is true that no one testified that Archer was the one who spray-painted the vehicle, it can be reasonably inferred that Archer is responsible for that damage. For instance, it is a reasonable inference that the purpose of the paint was to change the vehicle's appearance and/or conceal the VIN so it would not be recognized as stolen, facilitating the crime. Also, Archer was driving the vehicle only five hours after it was stolen so it is reasonable to infer that Archer was responsible for the painting, even if she wasn't the person who actually sprayed the vehicle. Indeed, Archer stole the vehicle and is responsible for the damage done to it while it was in her custody and control, including the spray-painting.

5

We also note again that Archer agreed to pay restitution here. Because the spray-paint is the only damage to the vehicle, if Archer was not assuming responsibility for this damage, it is not clear what she was agreeing to pay restitution for. The only logical conclusion is that she agreed to pay for the spray-paint damage. Thus, the trial court did not abuse its discretion in ordering Archer to pay restitution for the spray-painting of Boyer's vehicle.

**III.** **The trial court did not abuse its discretion in determining Archer had the ability to pay restitution.**

Finally, we address whether the trial court abused its discretion in light of Archer's ability to pay. Archer cites her lack of employment and assets as evidence of her inability to pay. For its part, the State first argues that Archer's restitution order is not a condition of probation. In the alternative, it cites to the restitution statute which provides that:

> As a condition of probation, the court may require a person to . . . [m]ake restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim. When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance.

Ind. Code § 35-38-2-2.3(a)(6).

Whether a trial court needs to inquire into a defendant's ability to pay depends on whether restitution is ordered as a condition of probation or is ordered as part of an executed sentence. When the trial court enters a restitution order as a condition of probation, it is required to inquire into the defendant's ability to pay in order to prevent an indigent defendant from being imprisoned because of a probation violation based on a defendant's failure to pay restitution. Pearson v. State, 883 N.E.2d 770, 772 (Ind. 2008). However, when restitution is ordered as part of an executed sentence, no inquiry into defendant's ability to pay is required because restitution is merely a money judgment and a defendant cannot be imprisoned for non-payment. Id. at 773.

Here, despite the State's argument that restitution was ordered as part of Archer's sentence only, it appears that it was a condition of her probation as well. During the restitution hearing,

6

Archer's counsel requested that the court set the method of payment "because this is again a condition of probation" and the trial court did so. (Tr. 56, 59.)  Further, when sentencing Archer the trial court stated: "the Court does not put people in jail because they can't pay fees or they can't pay restitution if they are making a good faith effort." (Tr. 55.)  Because Archer could only go to jail for failing to pay restitution if it were a condition of her probation, it is clear from the trial record that Archer's order to pay restitution was a condition of her probation.  Accordingly, the trial court was required to inquire into Archer's ability to pay.  Ind. Code § 35-38-2-2.3(a)(6).

Recently, in Bell v. State, 59 N.E.3d 959, 962 (Ind. 2016), this Court provided guidance about what constitutes sufficient inquiry into a defendant's ability to pay restitution.  We held that "where neither the defendant nor the State has provided any information or testimony regarding the defendant's ability to pay, the trial court must make the necessary inquiry to meet its statutory obligation." Id. at 964.  We further held that it was the defendant's burden to provide evidence of inability to pay and then the burden shifted to the State to rebut such evidence. Id.  Finally, we provided that a restitution order without any evidence that a defendant can or will be able to pay cannot stand. Id.

Here, the defendant provided information about her ability to pay.   She testified that she had not worked in about two years and that when she did work, she worked approximately 40 hours a week at a rate of $9.00- $10.00 per hour.  She further testified that she had no assets or savings, did not own a car, had three minor children for whom she received no child support, and that she was in the process of applying for food stamps and government sponsored healthcare. She did not anticipate (and could not guarantee) her financial situation would change in the near future, but she indicated that she hoped she would find employment.  The State offered no additional evidence.  Because Archer provided information about her ability to pay, we find that the trial court was not required to make further inquiry.

After hearing all the evidence, the trial court determined that, although Archer was in a difficult financial position, she agreed to pay restitution as part of her plea deal.  The Court then ordered her to pay $25.00 per month, acknowledging that it could take years for Archer to pay the

full amount of restitution, if she ever did, and telling Archer that the court would not put her in jail for non-payment, as long as she made a good faith effort to pay.

While Archer compares her situation to the one in Bell, there are two crucial differences between Bell and the present case. First, the defendant in Bell did not agree to pay restitution in a plea agreement like Archer did. Instead, Bell was found guilty at a bench trial and ordered to pay restitution as a condition of her probation. Bell, 59 N.E.3d at 961. Second, the defendant in Bell presented evidence that her sole source of income was her monthly disability checks and that she had not worked in over twenty years. Id. The present case is different because, by agreeing to pay restitution in her plea agreement, Archer acknowledged that she can or will in the future be able to pay something.

Further, we find the language "or will be able to pay" key here. While Archer may not be able to pay at present due to her circumstances, there is evidence in the record that she had worked previously and she indicated her hope that she will be able to get a job in the future. The trial court, fully aware of Archer's financial situation and the fact that she may not be able to pay the restitution off for years, if ever, ordered her to pay a modest sum of $25.00 per month. Because Archer agreed to pay restitution and there is evidence in the record that she is able to work and hopes to secure employment in the future, the trial court did not abuse its discretion in ordering Archer to pay restitution.

**Conclusion**

We hold that Archer did not waive her right to appeal the amount of restitution she was ordered to pay because the amount of the restitution was left blank in the plea agreement and the agreement did not set forth how restitution was to be determined. We further hold that the trial court did not abuse its discretion in ordering Archer to pay restitution for the spray-paint damage because there was sufficient evidence that the spray-paint damage was a direct result of the underlying theft. Finally, we hold that the trial court did not abuse its discretion in finding Archer had the ability to pay restitution. Accordingly, we affirm the trial court.

8

Rush, C.J., Massa, Slaughter and Goff, J.J., concur.