## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 05 2021, 8:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria Bailey Casanova
Casanova Legal Services, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Austin A. McCarty,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

January 5, 2021

Court of Appeals Case No.
20A-CR-1231

Appeal from the Steuben Circuit Court

The Honorable Allen N. Wheat, Judge

Trial Court Cause Nos.
76C01-1809-F6-743
76C01-1908-F6-618
76C01-1909-F6-704
76C01-1912-F6-912

**Robb, Judge.**

# Case Summary and Issue

[1] Austin McCarty pleaded guilty to various offenses in four separate cases. One of the plea agreements did not contain a restitution award. Despite the absence of such a provision, the trial court ordered McCarty to pay restitution as part of his sentence in that particular case. McCarty now appeals and raises the following issue for our review: whether the trial court abused its discretion in ordering McCarty to pay restitution where his plea agreement was silent on the issue. Concluding the trial court abused its discretion, we reverse and remand.

# Facts and Procedural History

[2] On September 23, 2018, McCarty stole a vehicle from Boyd's Auto Recycling and Towing. The next day, the State charged McCarty with theft, a Level 6 felony, and driving while suspended with a prior, a Class A misdemeanor, in Cause No. 76C01-1809-F6-743 ("Cause No. 743"). Bail was set in the amount of $3,000; McCarty was subsequently released on bond. Based on the damage to the stolen vehicle, Boyd's reported to victim assistance that its monetary loss for the vehicle was $1,800. *See* Appellant's Appendix, Volume II at 132-33.

[3] On August 19, 2019, in Cause No. 76C01-1908-F6-618 ("Cause No. 618"), McCarty was charged with auto theft, a Level 6 felony, and resisting law enforcement, a Class A misdemeanor. On September 17, in Cause No. 76C01-1909-F6-704 ("Cause No. 704"), McCarty was charged with auto theft, a Level 6 felony, and two counts of theft, Class A misdemeanors. On December 10, in

Cause No. 76C01-1912-F6-912 ("Cause No. 912"), McCarty was charged with auto theft, a Level 6 felony, and resisting law enforcement and driving while suspended, both Class A misdemeanors. Due to the new charges, the State filed a motion to revoke bond in Cause No. 743. Following a hearing on December 16, the trial court issued an order revoking McCarty's bond.

[4] In February 2020, McCarty entered into a plea agreement in each case. The written plea agreements in Cause Nos. 618, 704, and 912 all contained a provision that the State would recommend as part of McCarty's sentence that he pay "[r]estitution, if any, in an amount to be provided by victim assistance." Appellant's App., Vol. II at 139-141. McCarty's plea agreement in Cause No. 743 did not contain such a provision. In Cause No. 743, McCarty agreed to plead guilty to theft, a Level 6 felony, and the State agreed to recommend a one dollar fine, plus Court costs; "[a] term of imprisonment of 1 ½ years executed jail time; . . . no term of probation; cap on executed time;" and a $100 public defender fee. *Id.* at 67. McCarty also waived his right to appeal his conviction and sentence. *See id.* A guilty plea hearing on all four cases was held on February 10 at which the trial court went through the terms of the plea agreements. In reviewing the terms of the agreement in Cause No. 743, the trial court did not mention restitution as a term of the agreement. *See*

Transcript, Volume 2 at 76-77.[1]  The trial court took the pleas under advisement.

[5]     A pre-sentence investigation report was prepared, which contained documents indicating that Boyd's reported $1,800 in damages as a result of McCarty's offense.  *See* Appellant's App., Vol. II at 132-33.  A sentencing hearing was held on May 29.  McCarty did not object to the pre-sentence report.  The trial court accepted the terms of the plea agreements and entered judgment of conviction accordingly.  During sentencing arguments, the parties briefly discussed restitution:

> [Defense]:    . . . Your Honor, there were some restitution documents provided.  [W]e did look at those we have no objection to those amounts.  We would just request the court under all the circumstances find that Mr. McCarty is indigent.
>
> [State]:    And, Your Honor, I thank [defense counsel] for mentioning that restitution.  I had already given those to the reporter.  We have four (4) cases, of course, but there's only two (2) cases that we've received any restitution on.  [S]pecifically for this case, it is one of them.  I just want to make sure that there's no objection.  That amount in [Cause No.] 743 was $1,8000.00 to Boyd's Auto Recycling and Towing.

---

[1] Restitution was discussed in Cause Nos. 618 and 704, which was to be determined at the time of sentencing.  *Id.* at 77-78.

[Defense]: And the other one was to Baker's Acres. . . . $363.65.

Tr., Vol. 2 at 93-94. The trial court then sentenced McCarty in Cause No. 743 to 365 days in the Department of Correction with credit for sixty-six days. At the conclusion of the trial court's sentencing pronouncement, it stated, "Oh restitution, did I get the correct number in this case? Was it $1,800.00?" *Id.* at 97. Defense counsel and the State both answered in the affirmative. The trial court then accepted the guilty pleas in the other cases and sentenced McCarty accordingly.

The trial court later issued respective written sentencing orders. Notably, in Cause No. 743, the trial court ordered McCarty to (among other things) pay "[$]1,800 [r]estitution payable as set forth on attached Exhibit A." Appealed Order [in Cause No. 743] at 2. McCarty now appeals.

# Discussion and Decision

## I. Standard of Review

The purpose of a restitution order is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victims caused by the offense. *Henderson v. State*, 848 N.E.2d 341, 346 (Ind. Ct. App. 2006). An order of restitution is a matter within the trial court's discretion and will only be reversed upon a showing of an abuse of discretion. *Bell v. State*, 59 N.E.3d 959, 962 (Ind. 2016). An abuse of discretion will be found where the trial court's

decision is clearly against the logic and effects of the facts and circumstances before it, *Guzman v. State*, 985 N.E.2d 1125, 1129 (Ind. Ct. App. 2013), or if it misinterpreted or misapplied the law, *Gonzalez v. State*, 3 N.E.3d 27, 30 (Ind. Ct. App. 2014).

## II. Restitution Order[2]

As a threshold matter, the State contends that because McCarty failed to object to the restitution award and agreed to pay the restitution he now challenges on appeal, "any error . . . was invited and cannot be the basis for reversal." Brief of Appellee at 9. We conclude that McCarty has not waived his ability to challenge the restitution order.

Our supreme court has stated that an "order of restitution is as much a part of a criminal sentence as a fine or other penalty." *Bell*, 59 N.E.3d at 962 (citation omitted). Our appellate courts review many sentencing error claims without requiring that the claim first be raised to the trial court. *Id.*

> Although there have been cases in which appeals on restitution were waived due to the failure to make an objection at trial, the vast weight of the recent case law in this state indicates that appellate courts will review a trial court's restitution order even

---

[2] McCarty contends that, despite the waiver of appeal provision in his plea agreement, his appeal is properly before this court. *See* Appellant's Brief at 12-13. The State does not dispute this. It is well-established that a defendant may waive his right to appeal a sentence pursuant to a plea agreement and such waivers are valid and enforceable. *Archer v. State*, 81 N.E.3d 212, 216 (Ind. 2017). Because restitution was not a term of McCarty's plea agreement, however, he may appeal the restitution order. *See id.* (holding that, although the defendant was required to pay restitution as part of her plea agreement, the amount of the restitution was not a term of the agreement, and therefore, the defendant could appeal the amount of her restitution).

when the defendant did not object based on the rationale that a restitution order is part of the sentence, and it is the duty of the appellate courts to bring illegal sentences into compliance.

*Id.* (internal quotation omitted); *see also Smith v. State*, 44 N.E.3d 82, 86 (Ind. Ct. App. 2015), ("[A] number of cases have emphasized this court's preference for reviewing a trial court's restitution order even absent an objection by the defendant, unless a defendant has affirmatively agreed to the imposition of restitution."), *trans. denied*.

[10] Here, at sentencing, McCarty stated he had no objection to the *amount* of restitution provided in the pre-sentence report documents in Cause No. 743. Contrary to the State's assertion, our review of the record reveals that McCarty did *not* agree to pay the restitution. We therefore address the merits of McCarty's argument that the trial court abused its discretion by ordering him to pay restitution in Cause No. 743 where his plea agreement was silent on the issue. We conclude the trial court abused its discretion.

[11] Plea agreements are contracts. *Archer v. State*, 81 N.E.3d 212, 215 (Ind. 2017). Once the trial court accepts a plea agreement, the agreement and its terms are binding upon the trial court, the State, and the defendant. *Id.* at 215-16; s*ee also* Ind. Code § 35-35-3-3(e). "Strict adherence to the agreement is essential. Once an agreement is accepted, the trial court is precluded from imposing any sentence other than that required by the plea agreement. . . . The trial court may not change the terms of the agreement." *Sinn v. State*, 693 N.E.2d 78, 80 (Ind. Ct. App. 1998) (citations and internal quotation omitted).

[12] When a defendant enters into an "open" plea agreement, in which sentencing is left entirely to the trial court's discretion, the trial court is free to enter an award of restitution as part of the defendant's sentence. *Morris v. State*, 2 N.E.3d 7, 8 (Ind. Ct. App. 2013) (opinion on reh'g); *Gil v. State,* 988 N.E.2d 1231, 1235 (Ind. Ct. App. 2013); *Huddleston v. State*, 764 N.E.2d 655, 657 (Ind. Ct. App. 2002). However, when a defendant enters into a plea agreement containing a recommended or fixed sentence, the trial court cannot impose restitution that was not provided for in the plea agreement. *Gil,* 988 N.E.2d at 1235.

[13] In this case, McCarty's plea agreement contained a recommended or fixed sentence of "[a] term of imprisonment of 1 ½ years executed jail time; . . . no term of probation; cap on executed time[.]"[3] Appellant's App., Vol. II at 67. It did not include an award of restitution. The trial court was bound by the terms of the plea agreement, *Archer*, 81 N.E.3d at 216, and it did not have the authority to order a restitution award not provided by the plea agreement. Therefore, the trial court abused its discretion by ordering McCarty to pay $1,800 in restitution as part of his sentence in Cause No. 743. *See Sinn*, 693 N.E.2d at 80 (holding that the trial court abused its discretion by ordering the

---

[3] A sentence for a Level 6 felony can be up to two and one-half years. Ind. Code § 35-50-2-7(b).

defendant to pay restitution when the plea agreement did not contain a provision allowing the imposition of restitution).[4]

# Conclusion

The trial court abused its discretion by entering the restitution order in Cause No. 743. Therefore, we reverse the portion of McCarty's sentence requiring the payment of restitution and remand with instructions to vacate the restitution order.

Reversed and remanded.

Bailey, J., concurs.

Tavitas, J., dissents with opinion.

---

[4] We note that three of McCarty's four plea agreements contained restitution provisions. It is clear that the State knows how to pursue restitution and therefore, we "emphasize that plea agreements ideally should be more artfully drafted in cases such as this if the State wishes to seek restitution." *Morris*, 2 N.E.3d at 9.

# IN THE
# COURT OF APPEALS OF INDIANA

Austin A. McCarty,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

Court of Appeals Case No.
20A-CR-1231

**Tavitas, Judge, dissent.**

I respectfully dissent from the majority's reversal of the restitution award here. McCarty challenges the trial court's award of restitution in Cause No. 743 because his plea agreement in that cause was silent on restitution. McCarty, however, did not raise this issue with the trial court. In fact, McCarty twice failed to object to the proposed restitution under that cause when it was discussed at the sentencing hearing. Under these circumstances, I agree with the State that McCarty waived his objection to the award of restitution in Cause No. 743. Appellee's Br. p. 9; *see, e.g., Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018) (holding that, "[w]hen the failure to object accompanies the party's affirmative requests of the court, 'it becomes a question of invited error'") (quoting *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014)). Accordingly, I respectfully dissent.