


FILED

Oct 03 2023, 4:20 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 22S-CR-253

## Matthew H. Thomas Davis,
*Appellant (Defendant below),*

—v—

## State of Indiana,
*Appellee (Plaintiff below).*

Argued: September 22, 2022 | Originally Decided: May 3, 2023
Modified on Rehearing: October 3, 2023

Appeal from the Madison Circuit Court
No. 48C04-1809-F5-2346
No. 48C04-1901-F6-79
The Honorable David A. Happe, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 21A-CR-2632
No. 21A-CR-2633

**Opinion on Rehearing by Justice Molter**

Justices Massa and Slaughter concur.
Justice Goff dissents with separate opinion in which Chief Justice Rush joins.

**Molter, Justice.**

Matthew H. Thomas Davis pled guilty to four theft-related charges in exchange for a more lenient sentence. As part of his written, three-page plea agreement with the State, which both he and his attorney signed, he waived his right to appeal that sentence. Davis seeks to appeal his sentence anyway, arguing the trial court's statements before accepting his change of plea misled him to believe that, contrary to his written agreement, he was retaining his right to appeal his sentence. But if the trial court's statements before accepting Davis's guilty plea misled him to change his plea, his remedy is to vacate his conviction through post-conviction proceedings, not to nullify his appeal waiver through a direct appeal. We therefore dismiss his appeal.

## Facts and Procedural History

In 2018 and 2019, Davis committed various theft-related offenses. The State charged him with Level 5 felony burglary and Level 6 felony theft under Cause Number 48C04-1809-F5-2346 ("F5-2346"), and it later charged him with two counts of Level 6 felony receiving stolen auto parts under Cause Number 48C04-1901-F6-79 ("F6-79"). Davis then entered into a plea agreement with the State to resolve both cases. Under the written agreement, which Davis and his attorney both signed, Davis agreed to plead guilty to all four charges and waive his right to appeal his conviction and sentence. The agreement memorialized his decision waiving the right to appeal his sentence in a paragraph stating:

> The Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of this plea agreement.

In exchange for Davis's guilty plea and waiver of rights, the State agreed to an executed sentence no greater than four years, with no more than two of those years served in the Indiana Department of Correction.

Shortly after, the trial court held Davis's plea hearing. The court began by confirming with Davis that he signed the three-page agreement, that he had "a chance to read through it carefully and discuss it with [his] lawyer" before signing, and that he understood "all the terms of it." The court also explained to Davis that he was agreeing to waive his "right to appeal any decision made by the court." But then, contrary to the written agreement, the court qualified its statement by saying:

> The one exception is because you have a plea agreement that provides the court some discretion about where your sentence is, in a certain range, you would have the ability to appeal my use of discretion in that sentencing.

Neither defense counsel nor the prosecutor corrected the trial court's misstatement.

The court also confirmed Davis understood the contractual nature of the plea agreement after explaining:

> I need to make sure that you understand my relationship to your plea agreement. Your plea agreement is a contract between you and the State about how your case is gonna [be] resolved. I'm not part of that contract. I have to independently review it and decide whether it should be accepted or rejected. If I [accept] it I have to do exactly what it says, but if I reject it you would be released from it and it would be like you never signed it.

The next month, the trial court formally accepted Davis's change of plea at his sentencing hearing. As to F5-2346, the trial court sentenced Davis to four years for burglary and thirty months for theft. It ordered the two sentences to run concurrently to one another, with two years executed in the Department of Correction and two years executed in community corrections. Then, for F6-79, the trial court sentenced Davis to thirty months for each count of receiving stolen auto parts, which were to be served concurrently to one another and suspended to probation. It

ordered the total sentence for F6-79 to run consecutively to the total sentence for F5-2346.

Before concluding the sentencing hearing, the trial court again incorrectly advised Davis that he retained the right to appeal his sentence:

> Mr. Davis, you're a person who's been sentenced after [a] contested sentencing hearing where there was some discretion that was left to the court under the plea agreement. Because of that you do have the ability to appeal the sentence that was imposed today . . . . If you wish to appeal and don't have the ability to hire a lawyer to do that for you, the court will appoint a lawyer for you.

Again, neither defense counsel nor the prosecutor corrected the trial court's misstatement.

Davis first informed the trial court that he did not wish to appeal his sentence, but he later changed his mind and pursued separate appeals for both cause numbers. The Court of Appeals sua sponte issued a consolidated order dismissing both appeals with prejudice. The order explained that Davis could not appeal his convictions because he pled guilty, and he could not appeal his sentence because his plea agreement waived that right. Davis then petitioned for transfer, which we granted. Ind. Appellate Rule 58(A).

## Discussion and Decision

Davis argues we should nullify his appeal waiver, and his transfer petition identifies a single issue for our consideration: "Did Davis knowingly and voluntarily waive his right to appeal his sentence when the court gave contradictory advisements in violation of his due process rights?" Pet. to Trans. at 2. Because we cannot nullify Davis's appeal waiver through this direct appeal based on the claim that the waiver was not knowing and voluntary, we must dismiss the appeal. However, Davis may still seek relief through post-conviction proceedings.

# I. Davis waived his right to appeal his sentence through an unambiguous written plea agreement with the State.

Criminal defendants have a constitutional right to appeal their sentences, *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind. 1998) (citing Ind. Const. art. VII, §§ 5, 6), but they may waive that right so long as their waiver is knowing and voluntary, *Creech v. State*, 887 N.E.2d 73, 74 (Ind. 2008). For example, defendants often plead guilty and agree (among other things) to waive their right to appeal their sentence in exchange for a more lenient sentence. These plea agreements are contracts between the defendant and the State, and once the trial court approves the agreements, they are binding on the defendant, the State, and the trial court. *Archer v. State*, 81 N.E.3d 212, 215–16 (Ind. 2017). Because plea agreements are contracts, contract law principles generally apply. *Berry v. State*, 10 N.E.3d 1243, 1247 (Ind. 2014).

Here, both Davis and his defense counsel signed a plea agreement with the State, which the trial court accepted. In exchange for a lower ceiling on his sentence, Davis agreed to waive his "right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentence[d] [him] within the terms of th[e] plea agreement." Because the trial court sentenced Davis within the terms of the plea agreement, his appeal waiver applies here. And as in *Creech*, Davis "does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it." 887 N.E.2d at 76. In other words, he does not claim that when both he and his attorney signed the agreement waiving his appeal, he misunderstood what he was agreeing to or that his agreement was involuntary.

Because Davis's appeal waiver is unambiguous, this case is not like the two per curiam opinions the dissent cites, where the written appeal waivers the State drafted were ambiguous as to whether they covered only appeals from the convictions or from the sentences too. *Johnson v. State*, 145 N.E.3d 785, 786 (Ind. 2020) (per curiam); *Williams v. State*, 164

N.E.3d 724, 725 (Ind. 2021) (per curiam). In those situations, we construe the ambiguity against the State as the agreement's drafter. *State v. Smith*, 71 N.E.3d 368, 371 (Ind. 2017) ("Ambiguities are construed against the drafter; in this case that is the State, which prepared the plea agreement.").[1]

Notwithstanding the unambiguous appeal waiver, Davis argues the trial judge later misled him by misadvising him that he would retain the right to appeal his sentence, so we should disregard his appeal waiver as not knowing and voluntary. But we cannot do so through this direct appeal.

## II. If the trial court's misstatement misled Davis, his remedy is to vacate his conviction through post-conviction relief proceedings.

A trial court cannot accept a guilty plea without first determining that the plea is knowing and voluntary. Ind. Code §§ 35-35-1-2, -3(a). That means courts must ensure defendants understand (1) the nature of the charges against them; (2) that their guilty pleas waive several constitutional rights, including their rights to a public and speedy jury trial, to confront and cross-examine witnesses, to compulsory process, and to require the State to prove guilt beyond a reasonable doubt without compelling defendants to testify; and (3) the maximum and minimum sentences. I.C. § 35-35-1-2(a)(1)–(3).

A defendant claiming a guilty plea was involuntary because the defendant was not advised (or was advised incorrectly) about the rights

---

[1] Neither *Johnson* nor *Williams* announced any new law in this regard. Rather, our Court made clear in those short per curiam opinions that transfer was granted first to "reaffirm the critical role of the trial court in safeguarding the validity" of appeal waivers, *Johnson*, 145 N.E.3d at 786, and then "for the sole purpose of reminding trial judges that the plea agreement, guilty plea and sentencing hearing colloquy, and sentencing order must be clear and consistent as to whether a defendant waives only the right to appeal the conviction or the right to appeal the conviction and sentence," *Williams*, 164 N.E.3d at 725. All that remains true.

being waived may obtain post-conviction relief to vacate the conviction and set aside the guilty plea only if the defendant can "prove that any erroneous or omitted advisement, if corrected, would have changed [the] decision to enter the plea." *Holliday v. State*, 498 N.E.2d 1239, 1240 (Ind. 1986). "A plea entered after the trial judge has reviewed the various rights which a defendant is waiving and made the inquiries called for in the statute is unlikely to be found wanting in a collateral attack." *White v. State*, 497 N.E.2d 893, 905 (Ind. 1986). But "defendants who can show that they were coerced or misled into pleading guilty by the judge, prosecutor or defense counsel will present colorable claims for relief." *State v. Moore*, 678 N.E.2d 1258, 1266 (Ind. 1997). One way a judge may mislead a defendant into pleading guilty is to mistakenly advise that the defendant is retaining appeal rights that have been waived in a plea agreement. *See, e.g.*, *Cornelious v. State*, 846 N.E.2d 354, 360 (Ind. Ct. App. 2006), *trans. denied*; *Lineberry v. State*, 747 N.E.2d 1151, 1157 (Ind. Ct. App. 2001).

We do not analyze whether a plea agreement's appeal waiver was knowing and voluntary in light of a trial court's misstatement separate from whether the guilty plea was knowing and voluntary. It is all or nothing. Either the guilty plea was knowing and voluntary despite the trial court's misadvisement, in which case the plea agreement on which the guilty plea was based remains fully enforceable; or the guilty plea resulted from confusion about the terms in the written plea agreement, in which case the conviction must be vacated (if the defendant wishes), and all the plea agreement terms would be unenforceable.

That is because the plea agreement is a bargain between the defendant and the State, *Archer*, 81 N.E.3d at 215–16, and the defendant cannot retain the benefits of the bargain (a more lenient sentence) while escaping its burdens (the promise not to appeal for an even more lenient sentence). We cannot renegotiate the parties' deal either. While trial judges have discretion to accept or reject plea agreements, courts are not empowered to change any of the terms. *Creech*, 887 N.E.2d at 77 n.3 (explaining that trial courts cannot accept a guilty plea and then modify the plea agreement even if the modification is more favorable to the defendant).

Notably, the Seventh Circuit takes the same approach as our Court when evaluating the enforceability of appeal waivers. *See, e.g., id.* at 76 (discussing the Seventh Circuit's analysis). As that court has explained, appellate courts cannot "perform surgery" on a plea agreement, excising only the appeal waiver and enforcing the rest of the bargain. *United States v. Sura*, 511 F.3d 654, 655 (7th Cir. 2007). Instead, "[w]aivers of appeal must stand or fall with the agreements of which they are a part." *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995).

Under our precedent, if Davis wishes to challenge his guilty plea, he cannot do so through this direct appeal. As we have previously explained, "the issue of whether [a] defendant's guilty plea was knowing and voluntar[y] may not be decided by this court on direct appeal, but instead should be pursued by filing a petition for post-conviction relief." *Jones v. State*, 675 N.E.2d 1084, 1090 (Ind. 1996).[2]

Davis's appellate counsel acknowledged at oral argument that he does not know whether the trial court's misadvisement influenced Davis's decision to plead guilty. That is a factual question that will need to be resolved in a post-conviction court first, assuming Davis wishes to pursue post-conviction relief proceedings to vacate his conviction. Of course, if his conviction is vacated and the plea agreement is no longer enforceable, the State will be relieved of its obligations under the agreement too. Either way, we cannot decide through this direct appeal whether Davis's guilty plea was knowing and voluntary, and we must dismiss his appeal.

The dissent understands this analysis as holding that "Davis may not pursue an appeal of his sentence even if he can **prove** he did not

---

[2] When a defendant, before sentencing, contends a guilty plea was not knowing and voluntary, the defendant may file a motion to withdraw the guilty plea. I.C. § 35-35-1-4(b). We may then review the denial of that motion through a direct appeal. *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). But Davis did not file a motion to withdraw his plea, and he has already been sentenced, so he can only challenge the validity of his plea through post-conviction relief proceedings. *See* I.C. § 35-35-1-4(c) (explaining that after sentencing a "motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies").

knowingly and voluntarily waive his right to do so." *Post*, at 1 (Goff, J., dissenting) (emphasis added). But we are holding just the opposite—if Davis can prove in post-conviction proceedings that he did not knowingly and voluntarily waive his right to appeal, then his conviction can be vacated, and he would regain not just the right to appeal any sentence, but also every other right he waived before pleading guilty. By declining to skip the proof step, we are simply adhering to our precedent, which establishes that a defendant's claim that a guilty plea was based on a misunderstanding of the rights being waived presents a factual question to be determined through post-conviction proceedings. *Holliday*, 498 N.E.2d at 1240; *White*, 497 N.E.2d at 905.

To be sure, the remedy of setting aside the conviction would result in Davis invalidating the entire plea agreement rather than allowing him to retain its benefits while escaping its burdens. *Post*, at 5. But that is how our Court has long handled misadvisements or omissions which mistakenly lead defendants to change their pleas from not guilty to guilty. For example, if a defendant's waiver of a jury right is not knowing and voluntary, we set aside the conviction through post-conviction proceedings, and the parties are returned to the status quo ante. *See Ponce v. State*, 9 N.E.3d 1265, 1270 (Ind. 2014) (reviewing post-conviction proceedings and explaining that the failure to advise a criminal defendant of his constitutional rights prior to accepting a guilty plea will result in reversal of the conviction). We do not allow the defendant to retain the beneficial parts of the plea agreement—like an agreement to dismiss some charges or cap a sentence—while regaining other rights the defendant had previously waived, like a right to a jury trial.

The dissent's conclusion that the trial court's misstatement in fact did not induce Davis's guilty plea supports rather than undermines this approach. *Post*, 4–5. Before the trial court's misstatement, both Davis and his attorney signed an unambiguous appeal waiver, and Davis confirmed that he discussed the short, written plea agreement with his attorney and understood all its terms. Neither he nor his attorney has ever recanted that representation. *See Youngblood v. State*, 542 N.E.2d 188, 188–89 (Ind. 1989) (affirming the denial of post-conviction relief where there was no *Boykin* advisement at the plea hearing but trial counsel testified at the post-

conviction hearing that they had explained these rights to the defendant before the plea). Of course, the judge's later statement could not have impacted Davis's earlier agreement. So, if the judge's misstatement also did not induce Davis's change of plea, then it had no impact, and there is no basis for relief at all, whether through post-conviction proceedings or a direct appeal. Ind. Appellate Rule 66(A) ("No error or defect in any ruling or order or in anything done or omitted by the trial court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.").

Finally, we should not treat appeal waivers like illegal contract provisions, as the dissent proposes in reliance on *Lee v. State*, 816 N.E.2d 35, 40 (Ind. 2004), a case in which our Court declined to invalidate an illegal sentence to which the defendant agreed in a plea agreement after concluding the defendant should be held to his bargain. Since we have held these appeal waivers are legal, *Creech*, 887 N.E.2d at 74, we should not treat them as if they are illegal. And even for an illegal provision in a contract, a court may only sever the provision if the parties would have entered the bargain without the illegal portion of the original agreement. *Lee*, 816 N.E.2d at 39. We have no way of making that assessment here without a factual record related to the parties' negotiations.

In sum, Davis's written plea agreement with the State, which both he and his attorney signed, unambiguously waived his right to appeal his sentence. If Davis's guilty plea was nevertheless not knowing and voluntary because the trial judge's misstatements misled him about which rights he was waiving, then Davis may demonstrate that through post-conviction proceedings, and his conviction can be set aside. That would restore his right to appeal any sentence and all other rights he waived through his plea agreement and guilty plea. But we cannot decide in the

first instance on a direct appeal whether Davis is able to make that showing.[3]

## Conclusion

For these reasons, we dismiss Davis's appeal.

Massa and Slaughter, JJ., concur.
Goff, J., dissents with separate opinion in which Rush, C.J., joins.

---

[3] To be sure, there remain circumstances where defendants may pursue a direct appeal of sentencing issues notwithstanding an appeal waiver. For example, some sentencing appeal issues are nonwaivable. *See Crider v. State*, 984 N.E.2d 618, 619 (Ind. 2013) ("In this case we conclude that the waiver of the right to appeal contained in a plea agreement is unenforceable where the sentence imposed is contrary to law and the Defendant did not bargain for the sentence."). Other issues may also fall outside the scope of the waiver. *See Archer v. State*, 81 N.E.3d 212, 214, 216 (Ind. 2017) (holding that the defendant's appeal waiver did not cover her right to appeal the restitution amount). This appeal does not implicate those issues because Davis's transfer petition seeks to nullify the appeal waiver as not knowing and voluntary rather than to raise a nonwaivable sentencing issue or an issue outside the scope of his appeal waiver.

ATTORNEY FOR APPELLANT
Paul J. Podlejski
Law Office of Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE
Theodore E. Rokita
Attorney General of Indiana
Angela Sanchez
Chief Counsel for Appeals
Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

*AMICUS CURIAE* STATE PUBLIC DEFENDER
Amy E. Karozos
Public Defender of Indiana
Meggan E. Smith
Deputy Public Defender
Indianapolis, Indiana

*AMICUS CURIAE* INDIANA PUBLIC DEFENDER COUNCIL
Bernice Corley
Executive Director
Suzy St. John
Staff Attorney
Indiana Public Defender Council
Indianapolis, Indiana
Brian Karle
Ball Eggleston, PC
Lafayette, Indiana

**Goff, J., dissenting.**

The Court holds today that Matthew Davis may not pursue an appeal of his sentence even if he can prove he did not knowingly and voluntarily waive his right to do so. The only course of action left open to him is to seek to vacate his guilty plea altogether in postconviction. I would hold instead that the appeal waiver is unenforceable because Davis was affirmatively advised by the trial court, before entry of his guilty plea, that he would retain the right to appeal. And, because the appeal waiver can be severed from the rest of Davis's plea agreement, he should be allowed his appeal, rather than having to make an "all or nothing" challenge to his plea. Allowing Davis to appeal is the only result which fully preserves his unwaived right to do so.

A criminal defendant has a constitutional right to appeal his sentence. Ind. Const. art. 7, § 6; *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind. 1998). In *Creech v. State*, this Court first approved a defendant's waiver of his right to appellate review of his sentence as part of a written plea agreement. 887 N.E.2d 73, 75 (Ind. 2008). The waiver needed, however, to be "knowing and voluntary." *Id.* at 74. The defendant in *Creech* nevertheless failed to obtain relief because the trial court only misadvised him at the sentencing hearing that he retained the right to appeal. *Id.* at 76–77. By that time, he had already pled guilty under a written agreement that included an appeal waiver. *Id.* at 77. Here, by contrast, the trial court advised Davis at the guilty-plea hearing—**before entry of the plea**—that he would retain the right to appeal the discretionary aspect of the court's sentencing. Tr., p. 64. This statement flatly contradicted Davis's signed waiver of "the right to appeal any sentence imposed by the Court." App. Vol. II, p. 108.

Trial courts have a "critical role" in "safeguarding the validity" of appeal waivers. *Johnson v. State*, 145 N.E.3d 785, 786 (Ind. 2020) (per curiam). Indeed, all involved should "treat such provisions with caution and apprehension" because they forfeit review at a point when the parties are still "crucially unaware that the court may erroneously sentence the defendant." *Wihebrink v. State*, 192 N.E.3d 167, 168 (Ind. 2022) (David, J., dissenting from denial of transfer). This Court has reminded the trial bench "that the plea agreement, guilty plea and sentencing hearing

colloquy, and sentencing order must be clear and consistent as to whether a defendant waives only the right to appeal the conviction or the right to appeal the conviction and sentence." *Williams v. State*, 164 N.E.3d 724, 725 (Ind. 2021) (per curiam).

Relying on the "knowing and voluntary" requirement, this Court has twice recently invalidated appeal waivers. In *Johnson*, there was no knowing and voluntary waiver of a sentencing appeal because the written waiver language was too vague and general. 145 N.E.3d at 786–87. Likewise in *Williams*, where the trial court failed to clarify whether the defendant meant to waive his right to appeal his sentence in particular. 164 N.E.3d at 725. All the more then, when a trial court outright tells a defendant at the plea hearing, without correction, that the terms of his agreement will preserve his right to appeal, there can be no knowing and intentional waiver. *See Ricci v. State*, 894 N.E.2d 1089, 1093–94 (Ind. Ct. App. 2008) (finding no valid waiver because the trial court clearly stated at the plea hearing that the defendant's agreement allowed an appeal). Such an unambiguous statement uttered by the trial court is even more troubling than ambiguous written terms.

Both *Johnson* and *Williams* allowed the defendants' appeals to go forward because their waivers were invalid. 145 N.E.3d at 787 (remanding for a belated appeal); 164 N.E.3d at 725 (affirming the sentence). The same outcome is appropriate here. However, the Court holds otherwise on the grounds that Davis's plea agreement must be taken "all or nothing." *Ante*, at 7. Thus, the majority opinion explains, Davis "cannot retain the benefits" of his plea agreement "while escaping" the appeal waiver condition. *Id.* Instead, he must challenge his guilty plea itself as unknowing or involuntary. *Id.* at 7–8. The Court indicates that this result follows from treating Davis's plea agreement as a contract. *Id.* at 5, 7–8. The decision relies on Seventh Circuit precedent holding that "[w]aivers of appeal must stand or fall with the agreements of which they are a part. If the agreement is voluntary, . . . then the waiver of appeal must be honored. If the agreement is involuntary or otherwise unenforceable, then the defendant is entitled to appeal." *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). With the greatest respect to the Court of Appeals for the Seventh Circuit, Indiana's constitutional right to appeal requires "a

separate, independent analysis from this Court." *See Marshall v. State*, 117 N.E.3d 1254, 1258 (Ind. 2019). And our Court has its own precedents concerning the enforcement of plea agreements.

In *Lee v. State*, this Court considered whether all the terms of a plea agreement stand together or whether individual terms may be severed without invalidating the entire bargain. 816 N.E.2d 35 (Ind. 2004). The case involved a defendant's claim that, because his plea agreement contained an illegal sentence provision, his entire agreement and conviction were void. *Id.* at 37. The Court recognized that "principles of contract law can provide guidance" for analysis of plea agreements. *Id.* at 38. One such principle was that "if a contract contains an illegal provision that can be eliminated without frustrating the basic purpose of the contract, the court will enforce the remainder of the contract." *Id.* at 39. Similarly, the "'fact that one part of an agreement may be **void or unenforceable** does not render the entire agreement void, if the prohibited and valid provisions are severable, and if the parties would have entered the bargain absent the illegal portion of the original agreement.'" *Id.* (quoting 17A C.J.S. Contracts 297 (1999) (emphasis added)). Severing an illegal sentencing provision did not necessarily do "violence to the remainder" of a plea agreement "because 'the *consequences* of a guilty plea are collateral to the paramount issue of guilt or innocence.'" *Id.* (quoting *White v. State*, 497 N.E.2d 893, 904 (Ind. 1986)). Therefore, in some circumstances, the "appropriate remedy" is to "sever the illegal sentencing provision from the plea agreement." *Id.* at 40.[1]

Davis's appeal waiver was not illegal, but it is unenforceable. Applying *Lee*'s contract principles, I find that the "basic purpose" of a plea agreement, from the State's side, is to obtain the defendant's consent to a conviction. The defendant waives a trial at which the State would bear the burden of proving its case beyond a reasonable doubt. Ind. Code § 35-35-1-2(a)(2)(D) (2018). Doubtless, the State has a legitimate interest in

---

[1] Relief was ultimately deemed inappropriate in *Lee* because the defendant's plea agreement called for the illegal sentence and conferred a benefit on him. 816 N.E.2d at 40.

securing a waiver of appeal, which offers the advantages of finality and economy. But the State can have no true interest in the imposition of an excessive or inappropriate sentence. *See* Ind. Professional Conduct Rule 3.8, cmt. 1 (a prosecutor is a "minister of justice and not simply … an advocate."). The value of a sentencing appeal is the chance to ensure that a sentence is not imposed in reliance on reasons that are legally improper or unsupported by the record, nor in disregard of reasons that are clearly supported by the record. *See Anglemyer v. State*, 868 N.E.2d 482, 490–91 (Ind. 2007), *clarified on rehearing*, 875 N.E.2d 218 (Ind. 2007). Appeals are also a chance to "leaven the outliers" under a reviewing court's authority to revise "inappropriate" sentences. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008); Ind. Appellate Rule 7(B). Thus, appeals promote the interest the State has in the "fair," as well as the "efficient," "administration of justice." *See Wright v. State*, 168 N.E.3d 244, 260 (Ind. 2021) (quoting *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000)). Because the State's interest in foreclosing appeals is both limited and collateral to the basic purpose of plea-bargaining, a plea agreement should remain valid even when an appeal waiver cannot be enforced.

*Lee* explained that "where a defendant enters a plea of guilty knowingly, intelligently, and voluntarily, there is no compelling reason to set aside the conviction on grounds that the sentence is later determined to be invalid." 816 N.E.2d at 39. By the same token, the unenforceability of an appeal waiver does not necessarily infect an otherwise valid guilty plea or conviction. The case of an invalid jury trial waiver, *see ante*, at 9, is different because such a waiver is essential to a guilty plea, I.C. § 35-35-1-2(a)(2)(A). Without a jury trial waiver, a guilty plea does not support a valid conviction. *Ponce v. State*, 9 N.E.3d 1265, 1270 (Ind. 2014). And when a defendant overturns their guilty plea on this basis, the "basic purpose" of the plea agreement is frustrated. Conversely, aside from the three *Boykin* rights—trial by jury, confrontation of witnesses, and the privilege against self-incrimination—a defendant challenging a guilty plea must prove that a misunderstanding of his rights actually "rendered his decision involuntary or unintelligent." *White*, 497 N.E.2d at 905 (citing *Boykin v. Alabama*, 395 U.S. 238 (1969)). There is no claim before us on this

appeal that the trial court's erroneous advisement induced Davis's guilty plea. There is no need, therefore, to remit Davis to postconviction proceedings.

Admittedly, the record does not show whether "the parties would have entered the bargain absent" the appeal waiver provision. *See Lee*, 816 N.E.2d at 39 (internal quotation and citation omitted). But this is not fatal to Davis's claim. As "helpful" as principles of contract law may be, they are "not necessarily determinative" in the plea agreement context because "important due process rights are involved." *Id.* at 38. And contract law is not, ultimately, the most important basis for concluding that Davis is entitled to appeal. I cannot embrace the rule announced today principally because it is not "adequate to preserve the defendant's rights." *See United States v. Bushert*, 997 F.2d 1343, 1353 (11th Cir. 1993) (adopting the remedy of severing the invalid waiver). It undermines the principle that an appeal waiver should be enforced only if it was made knowingly and voluntarily. *See Creech*, 887 N.E.2d at 74. Under the majority's approach, Davis must invalidate his entire plea bargain, exposing himself to the risk of additional or more serious charges, in order to assert his right to appeal. Mandating this procedure severely burdens his exercise of a right which he never properly waived. Conversely, even if the State suffers an injustice from facing an appeal, it lies in the State's power to avoid this outcome in the future by objecting whenever trial courts misadvise defendants on their right to appeal. And, notably, the State itself argued for severance in circumstances similar to this case in *Crowder v. State*. 91 N.E.3d 1040, 1049, 1052 & n.3 (Ind. Ct. App. 2018).

The only way forward that fully preserves Davis's right to appeal is to allow him that appeal. Today's decision of the Court, by contrast, undermines that right in cases where it has not been knowingly waived. Therefore, I respectfully dissent.

Rush, C.J., joins.